STEVENSON, J.
This appeal stems from entry of a final judgment of dissolution of marriage between Appellant (“the Mother”) and Ap-pellee (“the Father”). The parties have two minor children, K.C., a girl born in April 1999, and G.C., a boy born in December 2000. The Mother has raised three issues on appeal, alleging that the trial court erred in (1) permitting unsupervised and extended overnight time sharing of the children with the Father; (2) failing to designate the Mother as the parent responsible for the children’s major medical decisions; and (3) failing to specifically determine that a home the Mother brought into the marriage is a non-marital asset and order the Father to execute a quitclaim deed. We affirm as to all claims and write to briefly discuss only the time sharing issue.
This was a very difficult family law case. The trial court was presented with conflicting claims as to whether the Father was capable of providing adequate care to the parties’ daughter and son. The daughter suffers from brittle juvenile diabetes, asthma and damage to her nervous system. The daughter’s condition requires constant monitoring, including frequent insulin calculations and close observation for any, subtle, behavioral changes that indicate the daughter’s blood sugar has reached a dangerous level. When emergencies occur, the daughter requires a large Gluca-gon injection and immediate medical attention in order to save her life. The Mother argued that the Father is not prepared to provide the type of constant care the daughter needs during unsupervised, overnight visitation. The Mother argued that the Father had previously engaged in rough-house play with both K.C. and G.C. which had amounted, in the Mother’s view, to abuse. The Mother urged the trial court to allow the Father only restricted visitation with both children, and no overnight visitation. After considering the evidence, the trial court ordered time sharing with the Father on alternate weekends, from Friday 5:00 p.m. through Sunday 5:00 p.m., and approximately one-half of winter and spring breaks. The parents were to follow the “regular schedule” through the summer.
A trial court’s time sharing determination is reviewed under the abuse of discretion standard of review. See Beharry v. Drake, 52 So.3d 790, 793 (Fla. 5th DCA 2010). Restriction of visitation is generally disfavored, unless the restriction is necessary to protect the welfare of the child. See Allen v. Allen, 787 So.2d 215, 217 (Fla. 5th DCA 2001). Judge Kanarek heard extensive testimony concerning the Father’s ability to care for the daughter (“K.C.”) and to attend to her medical condition, and concluded that the evidence was sufficient to show that the Father was “prepared to meet any medical emergency that [K.C.] might have.” Although the Father had never administered Glucagon to K.C. during an emergency, the testimony was that he had been trained in its administration, had been present during the practice sessions involving it, and had been present and helped to hold K.C. while the Mother administered an emergency dose. There was also testimony that the Father had spent extensive time with a diabetic educator to learn how to manage K.C.’s condition. The Father was also trained in using the insulin pump which K.C. used and in calculating her insulin levels. The trial court concluded that “[t]he evidence shows that the father does have experience detecting changes in [K.C.]’s condition and is aware of how to deal with possible emergency changes in her blood sugar and has dealt with such *357 emergencies.” The trial judge noted that the Mother’s primary objection to the Father’s time sharing “revolves around her belief that she needs to be the person constantly monitoring [K.C.].” As for G.C. and K.C., the trial court found that the Father was “not as protective” as the Mother, but there was no evidence that he did not love and care for the children as well.
While we acknowledge certain troubling aspects of the testimony, where the Father had occasionally been insensitive to the needs of the children in the past, we defer to the trial court’s superior vantage point in observing the Father’s sincerity and demeanor on the witness stand as he testified of his resolve to more properly fulfill his parental obligations. We will not disturb the trial court’s decision to award overnight shared visitation absent an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). We find no such abuse in the instant case.

Affirmed.

CONNER, J., concurs.
WARNER, J., dissents with opinion.