LEVINE, J.
The . husband appeals an amended final judgment of dissolution of marriage, denying him any timesharing with the parties’ minor child. We find this was error and reverse.
The wife filed a petition for dissolution of marriage, seeking primary residential custody of the child and requesting that the husband be allowed supervised visitation because of concerns of emotional and physical abuse. The husband filed a coun-terpetition, also requesting primary custody of the child. During a hearing before a general magistrate, the wife testified that the husband had not been in Florida in over five years and that the husband did not know anything about the child’s school, teachers, extracurricular activities, or medical history. The husband did not appear at the hearing.
The magistrate recommended awarding the wife 100% of the timesharing with the child. The magistrate found it was “not appropriate at this time for the Former Husband to have any visitation/time-sharing with the minor child” because “[t]he Former Husband does not know the minor child at all” and because “[t]he minor child does not know who the Former Husband is.” The trial court entered an amended final judgment of dissolution of marriage, adopting the magistrate’s report and recommendations. From this order, the husband appeals.
A trial court’s decision to accept or reject a magistrate’s conclusions is reviewed for an abuse of discretion. Perrone v. Frank, 80 So.3d 402, 404 (Fla. 4th DCA 2012). “A trial court is bound by a master’s factual findings and recommendations unless they are clearly unsupported by the evidence and clearly erroneous.” Linn v. Linn, 523 So.2d 642, 643 (Fla. 4th DCA 1988); see also Dent v. Dent, 438 So.2d 903, 904 (Fla. 4th DCA 1983). “A trial court’s time sharing determination is reviewed under the abuse of discretion standard of review.” Culbertson v. Culbertson, 90 So.3d 355, 356 (Fla. 4th DCA 2012).
The legislature determined that “[i]t is the public policy of this state that each minor child has frequent and continuing contact with both parents after ... the marriage of the parties is dissolved.” § 61.13(2)(c)1., Fla. Stat. (2009). “[T]he privilege of visiting the minor children of the parties to a divorce proceeding should never be denied either parent so long as he or she conducts himself or herself, while in the presence of such children, in a manner which will not adversely affect the *21 morals or welfare of such progeny.” Yandell v. Yandell, 39 So.2d 554, 555 (Fla.1949). A parent has a “constitutionally protected ‘inherent right’ to a meaningful relationship with his [or her] children.” Schutz v. Schutz, 581 So.2d 1290, 1293 (Fla.1991).
In the present case, the trial court abused its discretion in denying the husband any timesharing with the child because the evidence did not establish that denying the husband timesharing was necessary to protect the child’s welfare. “Restriction of visitation is generally disfavored, unless the restriction is necessary to protect the welfare of the child.” Culbertson v. Culbertson, 90 So.3d 355, 356 (Fla. 4th DCA 2012); see also Schram v. Schram, 932 So.2d 245, 251 (Fla. 4th DCA 2005); Damiani v. Damiani, 835 So.2d 1168, 1169 (Fla. 4th DCA 2002). The husband’s absence from Florida, and the fact that the husband and child do not know each other, does not establish that it would be detrimental or harmful for the husband to spend time with the child.
The judgment is also deficient in that it does not set forth the steps the husband must take to establish timesharing with the child. In Grigsby v. Grigsby, 39 So.3d 453, 456-57 (Fla. 2d DCA 2010), the Second District stated that when the court exercises its discretion to restrict or deny visitation,
it must clearly set forth the steps the parent must take in order to reestablish time-sharing with the children. Essentially, the court must give the parent the key to reconnecting with his or her children. An order that does not set forth the specific steps a parent must take to reestablish time-sharing, thus depriving the parent of that key, is deficient because it prevents the parent from knowing what is expected and prevents any successor judge from monitoring the parent’s progress.
(citations omitted). Here, the trial court’s reason for not awarding the husband any timesharing was because the child and the husband do not know each other. However, by denying the husband any timeshar-ing, the child and the husband will never have the opportunity to know each other. Thus, the judgment creates a “catch-22” whereby the husband can never rectify the problem that resulted in his loss of time-sharing.
Finally, by denying the husband any visitation, the court erroneously awarded the wife relief that she did not request. See Escobar v. Escobar, 76 So.3d 958, 961 (Fla. 4th DCA 2011); Cardinal Inv. Grp., Inc. v. Giles, 813 So.2d 262, 263 (Fla. 4th DCA 2002) (“[C]ourts are not authorized to grant relief not requested in the pleadings.”). In her petition, .the wife sought primary residential custody of the child and requested that the husband be allowed supervised visitation. She did not request that the husband be denied any timesharing with the child, only primary residential custody of the child.
Accordingly, we reverse and remand for the trial court to make a determination, after a hearing if necessary, whether allowing the husband to exercise timeshar-ing would be detrimental to the welfare of the child. If it would be detrimental, the trial court should set forth specific steps the husband must take to establish time-sharing with the child. If it would not be detrimental, the trial court should devise a timesharing schedule that allows the husband an opportunity to exercise visitation in a manner consistent with the best interests of the child.

Reversed and remanded.

MAY and CIKLIN, JJ., concur.