Alan VOORHEES, Appellant,

v.

Carrie Lynn VOORHEES, Appellee.

No. 4D15–1608.

District Court of Appeal of Florida,
Fourth District.

Nov. 2, 2016.

Jose Medina of Law Office of Jose Medina, Pinecrest, for appellant.

Richard L. Rosenbaum of Law Offices of Richard Rosenbaum, Fort Lauderdale, for appellee.

GERBER, J.

The former husband appeals from the circuit court's final judgment on the former wife's emergency amended petition for modification of the parties' final judgment of dissolution of marriage. The judgment granted the former wife exclusive timesharing with the parties' minor children and sole parental responsibility for decision-making in the children's best interests. The former husband argues that the court, in entering the judgment, erred in five respects: (1) modifying the existing child support amount when no such relief was requested or tried by consent; (2) allowing the former wife to modify the children's health insurance absent any pleadings requesting such relief; (3) granting the former wife's request to claim both children as dependents on her federal income tax returns; (4) awarding the former wife attorney's fees when no such relief was requested in the pleadings; and (5) making no provision to allow the former husband to have any relationship with the minor children in the future.

We conclude only the first argument has merit. We address each argument in turn.

*1. Modifying the existing child support amount*

"Under Florida law, a trial court is without jurisdiction to hear and determine matters which are not the subject of

appropriate pleadings and notice." *Todaro v. Todaro*, 704 So.2d 138, 139 (Fla. 4th DCA 1997) (citation and internal quotation marks omitted) (finding issue regarding child support reduction was not tried by implied consent where ex-wife "objected to the trial court hearing evidence on matters that were not properly pled"). Here, the former wife's request for a child support increase was not properly pled. The former wife's amended emergency petition for modification of timesharing with the minor children and sole parental responsibility requested, among other things, exclusive timesharing, sole parental responsibility, and "any and all other relief [that the court] deems just and proper." Although it is reasonable to assume that the former wife would have required a child support increase in light of her request for exclusive timesharing, we consider it to have been incumbent upon the former wife to have expressly pled such a request in her petition, and not rely upon a "catch-all" phrase seeking "any and all other relief [that the court] deems just and proper." Further, the record reflects that the former husband did not try the former wife's request for a child support increase by consent. Rather, the former husband repeatedly objected that the former wife did not plead for such relief.

### 2. Modifying the children's health insurance

Unlike the former wife's request for a child support increase, the former wife pled her request to modify the children's health insurance. The former husband argues that the former wife's pleadings requested only that she be "granted access" to the children's health insurance, not that she be allowed to modify that insurance. This argument lacks merit. In the former wife's amended emergency petition, she requested "access to the minor children's health insurance *in order to make any necessary changes* or gain information as needed for the benefit of the minor children." (emphasis added). A modification to the children's health insurance therefore was encompassed within the requested relief.

### 3. Claiming both children as dependents

Next, the former husband argues that the court abused its discretion in granting the former wife's request to claim both children as dependents on her federal income tax returns, instead of just one of the parties' two children as provided in the final judgment of dissolution. This argument lacks merit. A trial court has the discretion to transfer the dependency exemption. *Salazar v. Salazar*, 976 So.2d 1155, 1158 (Fla. 4th DCA 2008). At the final hearing, the former husband acknowledged that "[t]axes [were] on the table," and presented no evidence or argument as to why the former wife should not be allowed to declare both children as dependents. Furthermore, the record reflects the former wife's financial need to claim both of the children as dependents. She had a monthly deficit in income and, having exclusive timesharing and parental responsibility, was solely responsible for the children's care and well-being.

### 4. Awarding entitlement to attorney's fees

The former husband also challenges the court's determination that the former wife is entitled to attorney's fees when no such relief was requested in the pleadings. However, we note from the record that the court reserved jurisdiction to determine the amount of the former wife's attorney's fees. As a result, we are required to dismiss this portion of the appeal without prejudice. *See Cuesta v. Cuesta*, 186 So.3d 615, 615 (Fla. 4th DCA

2016) ("We dismiss without prejudice the former husband's appeal of that portion of the final order granting the former wife's motion for attorney's fees and costs, but reserving jurisdiction to determine those amounts.") (citation omitted).

### 5. *Future relationship with the minor children*

Lastly, the former husband argues that the trial court's "refusal to put in place any mechanism to consider whether any future time sharing might be in the children's best interest is tantamount to a defacto [sic] termination of parental rights"; "[t]he court's ruling effectively closes out any possibility for a modification"; and "[t]he court has deprived the children of their father and made no provision to allow the children access to their father in the future." This argument lacks merit.

 Generally, a court cannot indefinitely suspend a parent's timesharing without giving that parent the "key" to reconnecting with his or her children. *Davis v. Lopez–Davis,* 162 So.3d 19 (Fla. 4th DCA 2014). Here, however, the trial court did not foreclose the possibility of a modification to the timesharing arrangement in the future. On the contrary, at the conclusion of the final hearing, the court stated:

> I would think that in the future, I can't say what a future change in circumstance would be which would entitle him to petition the court, I can't restrict it like that, but I would think that obviously something happening on the criminal side would be something, but I don't really know. It's up to you. The facts are the facts. So [whenever] he wants to petition for a modification for in the future, that's up to him.

And, in the judgment, the trial court expressly "reserve[d] jurisdiction to modify" the judgment.

### Conclusion

Based on the foregoing, we reverse the circuit court's final judgment on the former wife's emergency amended petition for modification only to the extent the court erred in increasing the former husband's existing child support amount when no such relief was requested or tried by consent. Our conclusion is without prejudice to the court considering the former wife's request for a child support increase after a proper pleading providing notice to the former husband of such request.

*Affirmed in part, reversed and remanded in part, dismissed in part.*

WARNER and CONNER, JJ., concur.