DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BENJAMIN DEWITT FRYE,**
Appellant,

v.

**CHRISTINA MARIE CUOMO,**
Appellee.

No. 4D19-1417

[June 3, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Arthur M. Birken, Senior Judge; L.T. Case No. FMCE 17-008378.

Meaghan K. Marro of Marrow Law, P.A., Plantation, and Dana R. Swickle of Swickle & Associates, PLLC, Fort Lauderdale, for appellant.

Terrence P. O'Connor of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, J.

Benjamin Dewitt Frye ("Former Husband") appeals the trial court's final judgment dissolving his marriage to Christina Marie Cuomo ("Former Wife"). Although Former Husband raises numerous issues on appeal, we find merit in only three of his arguments, namely that the trial court erred in: (1) giving Former Wife unfettered discretion to request blood alcohol content ("BAC") testing from Former Husband; (2) failing to calculate the cost of the BAC device as part of the child support obligations; and (3) granting Former Wife ultimate decision-making authority regarding the children's education.

Following a nine-year marriage which produced two children, Former Wife petitioned to dissolve her marriage to Former Husband. Citing Former Husband's alcohol problem, Former Wife requested the court award her majority time-sharing, with supervised visits only for Former Husband, and ultimate decision-making authority. Former Husband filed a counterpetition and requested unsupervised time-sharing and shared decision-making authority.

After Former Wife filed her petition, the parties entered into a temporary agreement allowing Former Husband to have unsupervised time-sharing with the children during the pendency of the dissolution action. The unsupervised time-sharing was conditioned upon Former Husband agreeing to: (1) submit to a substance abuse evaluation; (2) abstain from purchasing and consuming alcohol both during his time-sharing with the children and within six hours of any scheduled time-sharing visit; and (3) blow into a BAC breath testing device at the beginning and end of each time-sharing visit.

At trial, the court heard extensive testimony regarding Former Husband's lengthy history of alcohol abuse, including testimony from the psychologist who performed the substance abuse evaluation. In relevant part, the psychologist testified that Former Husband should completely abstain from alcohol use given his dependence on alcohol and history of relapse. The court also heard testimony from the guardian ad litem appointed for the children who provided insight as to Former Husband's involvement with the children. The guardian ad litem testified that, despite his history of alcohol abuse, Former Husband was very involved in the children's education and school activities and regularly volunteered at the school.

In its written final judgment of dissolution of marriage, the trial court awarded Former Husband unsupervised time-sharing with the children with the condition that Former Husband abstain completely from all alcohol use at all times and submit to BAC testing both at the beginning and end of each time-sharing visit. The trial court also gave Former Wife the authority to reasonably demand periodic and immediate BAC tests from Former Husband, even when not exercising time-sharing, and ordered Former Husband to pay the entire cost of the BAC device. The court also awarded Former Wife ultimate decision-making authority regarding the children's education. This appeal follows.

"A trial court's timesharing and parenting plan determination is reviewed for an abuse of discretion." *Krift v. Obenour*, 152 So. 3d 645, 647 (Fla. 4th DCA 2014).

We first address Former Husband's argument that the trial court abused its discretion in restricting his time-sharing. It is well established that "[r]estriction of visitation is generally disfavored, unless the restriction is necessary to protect the welfare of the child." *Culbertson v. Culbertson*, 90 So. 3d 355, 356 (Fla. 4th DCA 2012).

2

The supreme court has recognized that a parent has a constitutionally protected inherent right to a meaningful relationship with his [or her] children. Thus, time-sharing privileges should not be denied to either parent as long as the parent conducts himself or herself, while in the presence of the children, in a manner which will not adversely affect the children. Because of the constitutional right to a meaningful parent-child relationship, there must be competent, substantial evidence in the record that demonstrates that any restrictions or limitations on time-sharing are in the best interests of the child before those restrictions will be sustained.

*Perez v. Fay*, 160 So. 3d 459, 465 (Fla. 2d DCA 2015) (alteration in original) (internal citations and quotation marks omitted); *see also* § 61.13(3)(a)–(t), Fla. Stat. (2018).

Here, given Former Husband's demonstrated history of alcohol abuse and relapse, it was well within the trial court's discretion to restrict Former Husband's time-sharing by requiring him to abstain completely from alcohol use and submit to BAC testing both at the beginning and end of each visit. *See Stephens v. State*, 748 So. 2d 1028, 1034 (Fla. 1999) ("We recognize and honor the trial court's superior vantage point in assessing the credibility of witnesses and in making findings of fact."). It was error, however, for the trial court to grant Former Wife unfettered discretion in requesting BAC testing from Former Husband at any time as this restriction was neither within the parameters of reasonableness nor necessary to protect the welfare of the children. *See Canakaris v. Canakaris*, 382 So. 2d 1197, 1204 (Fla. 1980); *Culbertson*, 90 So. 3d at 356. On remand, the trial court shall remove the language from the final judgment granting Former Wife unfettered discretion in requesting BAC testing from Former Husband and leave intact the language requiring Former Husband to submit to BAC testing at the beginning and end of each time-sharing visit.

Moreover, because the final judgment explicitly conditions Former Husband's time-sharing on BAC testing, it was also error for the trial court to make him solely responsible for the cost of the BAC device. *See Moore v. Yahr*, 192 So. 3d 544, 545–46 (Fla. 4th DCA 2016) (holding that the costs associated with restrictions on time-sharing are to be part of the child support obligations, and reversing the portion of the final judgment making the father solely responsible for time-sharing costs); *accord Perez*, 160 So. 3d at 466. On remand, the trial court shall treat the cost of the

BAC device as part of the child support obligations. *See Moore*, 192 So. 3d at 545; *Perez*, 160 So. 3d at 466.

Turning to Former Husband's argument that the trial court erred in awarding ultimate decision-making authority to Former Wife regarding the children's education, section 61.13(2)(c)2.a., Florida Statutes (2018), provides that "[i]n ordering shared parental responsibility, the court may . . . grant to one party the ultimate responsibility over specific aspects of the child's welfare or may divide those responsibilities between the parties based on the best interests of the child." Education is one such aspect. § 61.13(2)(c)2.a., Fla. Stat. Here, the record does not support the trial court's finding that it is in the best interests of the children to give Former Wife ultimate decision-making authority regarding education. To the contrary, the record reflects that Former Husband is actively involved in the children's education and school activities. On remand, if necessary, the trial court may take additional evidence.

*Affirmed in part and reversed and remanded in part.*

MAY and CONNER, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***