902 So.2d 267 (2005)
STATE of Florida, Appellant,
v.
Jeffrey Scott RATNER, Appellee.
No. 4D04-2513.
District Court of Appeal of Florida, Fourth District.
May 18, 2005.
*268 Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellant.
James L. Eisenberg and Kai Li Aloe Fouts of Eisenberg & Fouts, West Palm Beach, for appellee.

ON MOTION FOR REHEARING

ORDER TRANSFERRING APPEAL
KLEIN, J.
We withdraw our previously filed opinion and replace it with this opinion.
The State appeals the county court's denial of its motion in limine. The court certified the following question as one of great public importance:
SHOULD THE DECISION OF THE UNITED STATES SUPREME COURT IN CRAWFORD V. WASHINGTON, [541 U.S. 36] 123 [124] S.CT. 1354 [158 L.ED.2D 177] (2004) BE INTERPRETED TO PRECLUDE THE ADMISSION OF A STATEMENT WHICH WOULD OTHERWISE BE ADMISSIBLE UNDER THE EXCITED UTTERANCE EXCEPTION TO HEARSAY?
We must dismiss this appeal because we do not have jurisdiction to review this type of non-final order of a county court which certifies a question of great public importance.
Article V, Section 4(b) of the Florida Constitution is the authority for the jurisdiction of district courts of appeal and, in the case of non-final orders, gives the Florida Supreme Court exclusive power to authorize review by the adoption of rules. The rule authorizing review of county court orders certifying questions of great public importance is Florida Rule of Appellate Procedure 9.030(b)(4), which allows review of:
(A) final orders of the county court, otherwise appealable to the circuit court under these rules, that the county court has certified to be of great public importance;
(B) non-final orders, otherwise appealable to the circuit court under rule 9.140(c), that the county court has certified to be of great public importance.
Because this is a non-final order, it would be appealable only under subsection (B), which authorizes certification if the order is appealable under rule 9.140(c). The order in this case, which denies the State's motion in limine, is not such an order.
*269 The State argues that we have jurisdiction to review this pre-trial order under section 924.07(1)(h), Florida Statutes (2004) which purports to allow the state to appeal "other pre-trial orders," and section 924.07(1)(l), which allows the state to appeal "an order or ruling suppressing evidence or evidence in limine at trial." As is apparent from our earlier discussion, however, our constitution grants the power to authorize non-final appeals to district courts of appeal to our supreme court. Although some provisions of section 924.07(1) have been adopted in rule 9.140(c) by the Florida Supreme Court, the portions relied on by the State have not been adopted by rule and are unconstitutional as to appeals to district courts of appeal. State v. Gaines, 770 So.2d 1221 (Fla.2000); State v. Smith, 260 So.2d 489 (Fla.1972).
The state's reliance on cases such as State v. Muldowny, 871 So.2d 911 (Fla. 5th DCA 2004), State v. Slaney, 653 So.2d 422 (Fla. 3d DCA 1995), and State v. Brigham, 694 So.2d 793 (Fla. 2d DCA 1997) is misplaced. Unlike the present case, in which the pretrial ruling concerned the admissibility of an excited utterance of a witness, those cases involved the suppression of evidence obtained by search and seizure, which the state is permitted to appeal under rule 9.140(c)(1)(B).
The provisions in section 924.07(1) relied on by the State in this case are not unconstitutional as to the appeal of non-final orders from county court to circuit court. Article V, § 5(b) of the Florida Constitution provides that circuit courts have jurisdiction to hear appeals "when provided by general law." This order does appear to fall within the category of "other pre-trial orders," which the state can appeal to circuit court under section 924.07(1)(h). We accordingly transfer the appeal to circuit court.
POLEN, SHAHOOD, JJ., concur.