924 So.2d 971 (2006)
STATE of Florida, Petitioner,
v.
Carole Mae BJORKLAND, David Magdalik, Shelby Rae Stebbins, Regan E. Paton, Mark Dail, Tara Brown, Thomas Janke, Lisa Frederickson, Michael Abel, Carmen Carter, Carl Coury, Douglas Kremer, Ronald Labasky, *972 Courtney Massey, Belinda Barnett, Marcia Barnett, David Bennett, Melissa Bennett, Karen Burnham, Martha Burns, Willis Chambers, Barbara Chandler, Robert Correia, Greg Cowell, James Dale, Mario Felix, Almasa Foco, Jarold French, Jesus Garcia, Ryan Green, Joshua Haag, Carroll Hartlove, Georges Hilare, Dawn Jordan, James Joyce, Kurt Kramer, Bernard Killion, Gary Michael Lee, Danielle Lynch, Garcia Maddox, Lesley McGowan, Luis Montalvan, Patricia Pate, Laura Peace, Steven Rosado, Jason Rose, Moises Santiago, Daniel Sauls, Randy Schlesman, Justin Schreiber, Glenn Seeple, Robin Spunks, Grace Sulkowski, Juan Vasquez, Anthony Wolf, Frances Korkus, Mark Ellis, Michael Ganey, William Hall, Michael Gramigna, William Archer, Mary Hynds, Richard Kosa, Jeffrey Mitchell, Linda Neace, John Riccota, James Warren, Vittorio Dellasala, Frank Farley, Jose Mares, Luis Martinez, Adam Smith, Hortense Harmon, Donald Osenga, Coy Green, Dale Dreger, Daniel Scott Johnson, Priscille Githler, Howard Eichhorst, Muriel Askins, Francisco Anguiano, Geremias Sevilla, Michael Kradlak, Raymond Riley, Floyd Millican, Shawn Dale Phillips, Douglas Larsson, Eric Borman, Scott Pickering, Thomas Sessa, Alfred Tesch, Gary Thome, Catherine Marsh, Henry Pluta, Dante Curtis, Justin King, Diane Cahill, Tod Vanaman, and Scott Rickert, Respondents.
No. 2D06-47.
District Court of Appeal of Florida, Second District.
April 7, 2006.
*973 Charles J. Crist, Jr., Attorney General, Tallahassee, and Tiffany Gatesh Fearing, Assistant Attorney General, Tampa, for Petitioner.
No appearance required for Respondents.
ALTENBERND, Judge.
The State petitions this court for a writ of certiorari or mandamus, seeking to compel the circuit court to review certain non-final orders entered in county court criminal proceedings. We deny the petition. This case involves a jurisdictional oddity that exists only for nonfinal orders issued in county court criminal proceedings. Under section 924.07(1)(h), Florida Statutes (2005), and Florida Rule of Appellate Procedure 9.140(c)(2), the State had the right to file a notice of appeal from county court to circuit court to review these orders. It did not file that appeal within the allotted fifteen days. It has no right to review these orders by certiorari in the circuit court after it permitted the time for appeal to expire.
This controversy began in county court when a large number of defendants charged with DUI sought to obtain certain "source codes" used by the Intoxilyzer 5000 breath test instrument. The trial court, in a consolidated proceeding addressing the discovery issue in all of the cases, entered an order on November 2, 2005, authorizing supplemental discovery concerning these source codes. The State decided to challenge this order in circuit court.
The State waited until December 2, 2005, to file a petition for writ of certiorari in the Twelfth Judicial Circuit. The defendants immediately moved to dismiss the petition, arguing that it was actually an untimely appeal. The circuit court agreed and entered an order dismissing the appellate *974 proceeding. The State now challenges that order of dismissal in this court.
Section 924.07(1)(h), Florida Statutes, was adopted in 1969 and authorizes the State to appeal from "all other pretrial orders, except that it may not take more than one appeal under this subsection in any case." See ch. 69-15, § 1, Laws of Fla.; ch. 87-243, § 46, Laws of Fla. (re-designating § 924.07(8) as § 924.07(1)(h)). The supreme court expressly implemented this statute in rule 9.140(c)(2), which states: "Non-final orders. The state as provided by general law may appeal to the circuit court non-final orders."
It is likely that the State did not file an appeal under this statute because the statute has been held unconstitutional in the context of appeals from circuit court to district courts. See State v. Ratner, 902 So.2d 267, 269 (Fla. 4th DCA 2005), review pending, No. SC05-1007 (Fla. June 3, 2005). However, district courts of appeal and circuit courts obtain their appellate jurisdiction from two distinctly different sections of article V. As a result, the State's statutory right to seek review of nonfinal orders provided in section 924.07(1)(h) must be analyzed quite differently in the two courts.
The district courts of appeal obtain their jurisdictional powers from article V, section 4(b). Section 4(b)(1) states, in part, "[District courts] may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court." Thus, without a rule adopted by the supreme court, the district courts have no power to review nonfinal orders. Likewise, it is clear from this language that only the supreme court can authorize district court jurisdiction over nonfinal orders; the legislature cannot authorize district court review of nonfinal orders by general law. Cf. art. V, § 4(b)(2), Fla. Const. (authorizing review of administrative action "as prescribed by general law").
In contrast, the circuit courts obtain their jurisdictional power over appeals from article V, section 5(b). That section states that circuit courts shall have "jurisdiction of appeals when provided by general law." The constitution makes no distinction between appeals from final and interlocutory orders when it comes to appeals from county court to circuit court. Thus, only the legislature can authorize circuit court jurisdiction over nonfinal orders entered in county courts; the supreme court cannot independently authorize circuit court review of nonfinal orders by its rulemaking authority.
As a result of these differing clauses in the constitution, section 924.07(1)(h) is an unconstitutional intrusion by the legislature into the supreme court's rulemaking authority in the context of an appeal from circuit court to district court. See Ratner, 902 So.2d 267. On the other hand, in the context of appeals from county court to circuit court, this general law is essential to give the circuit court jurisdiction.
Although the State is given this special right to seek review of nonfinal orders entered in county court criminal proceedings, rule 9.140(c)(3) requires the State to commence an appeal in a criminal case "within 15 days of rendition of the order to be reviewed." It is undisputed that the State did not file its petition for certiorari within that time limit. Thus, although an appellate court is required to treat a filing that seeks an improper remedy as if the proper remedy had been sought when this matter is brought to its attention, see Fla. R.App. P. 9.040(c), the circuit court could not treat the petition for certiorari as an appeal because the petition was untimely as an appeal.
The State argues that it actually has the right to choose between two distinct *975 options to invoke the court's jurisdiction in this case. It claims that it can either seek review under the appellate standard within fifteen days, or that it can seek review under the certiorari standard within thirty days. We disagree. Certiorari is an original proceeding designed to provide extraordinary relief. It is not intended to provide review when an error can be repaired on appeal. Tripp v. Salkovitz, 919 So.2d 716 (Fla. 2d DCA 2006); Arnone v. State, 701 So.2d 577 (Fla. 2d DCA 1997); Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995). Although the requirement of an irreparable injury is normally examined in the context of a pretrial certiorari proceeding where the appeal to repair the injury can only occur posttrial, it seems even more obvious that a pretrial certiorari proceeding is not appropriate when the error can be repaired by pretrial appeal. Accordingly, we agree with the circuit court that it had no jurisdiction to review the challenged order by certiorari and that it was required to dismiss the proceeding as an untimely appeal.
Petition for writ of certiorari or mandamus denied.
FULMER, C.J., and VILLANTI, J., Concur.