948 So.2d 700 (2007)
STATE of Florida, Petitioner-Appellant,
v.
Jeffrey Scott RATNER, Respondent-Appellee.
Nos. SC05-1007, SC05-1009.
Supreme Court of Florida.
January 11, 2007.
*701 Bill McCollum, Attorney General, Tallahassee, Florida, Celia A. Terenzio, Bureau Chief and Richard Valuntas, Assistant Attorney General, West Palm Beach, for Petitioner/Appellant.
James L. Eisenberg and Kai Li Aloe Fouts of Eisenberg and Fouts, P.A., West Palm Beach Florida, for Respondent/Appellee.
QUINCE, J.
We have on appeal a decision from the Fourth District Court of Appeal declaring invalid portions of section 924.07(1), Florida Statutes (2003), as applied to appeals to the district courts. We have jurisdiction. See art.V, § 3(b)(1), Fla. Const. For the reasons explained below, we reverse the decision of the district court and hold that the district courts of appeal have discretionary jurisdiction over nonfinal appeals certified by the county court to be of great *702 public importance when the order is one that is otherwise appealable to the circuit court under section 924.07, Florida Statutes.

FACTS AND PROCEDURAL HISTORY
On the evening of June 14, 2003, Diane Ratner fled the family home with her son and drove a short distance to the nearest police station. She was crying and upset when she approached a police officer, who was seated in his squad car. The officer observed that her face was bloodied and that her nose and eyes were swollen. He asked, "My goodness. What happened to you?" She answered, "I want to report that my husband beat me up, punched me, knocked me down, and kicked me in the face." The officer then escorted her into the police station and filled out a victim witness form. She answered some questions regarding the incident but then refused to provide a written statement. After being treated by paramedics, she was escorted home by police officers where her husband, Scott Ratner, was awaiting her arrival. She then told police that she did not want to press charges against her husband and expressly recanted her previous statement. Ratner was arrested and charged with domestic battery.
The State filed a motion in limine in the county court seeking to admit the statement made by Mrs. Ratner in the parking lot as an excited utterance exception to the hearsay rule. See § 90.803(2), Fla. Stat. (2006). The State also advised the court that it did not intend to call Mrs. Ratner as a witness. Mr. Ratner argued that the recent decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), precluded admission of the hearsay statement because it was testimonial in nature. The county court denied the State's motion to admit the statement and certified the Crawford hearsay issue as a question of great public importance. The State timely sought review of the certified question in the Fourth District pursuant to Florida Rule of Appellate Procedure 9.140(c).
The district court initially granted jurisdiction but after the case was fully briefed, the court ultimately decided to dismiss the appeal and transfer the case to the circuit court. The district court held that it lacked jurisdiction to hear the matter, reasoning that "[a]lthough some provisions of section 924.07(1) have been adopted in rule 9.140(c) by the Florida Supreme Court, the portions relied upon by the State have not been adopted by rule and are unconstitutional as to appeals to district courts of appeal." State v. Ratner, 902 So.2d 267, 269 (Fla. 4th DCA 2005). The State subsequently petitioned this Court. This Court granted jurisdiction to resolve the issue of whether the non-final county court order denying the State's motion to admit the hearsay statement and certifying a question to be of great public importance was directly reviewable by the district court of appeal. We review de novo a district court's decision declaring unconstitutional a state statute. See Fla. Dep't of Children & Families v. F.L., 880 So.2d 602, 607 (Fla.2004).

DISCUSSION
The issue before this Court involves the jurisdiction of the district courts of appeal and the interplay of article V, section 4(b) of the Florida Constitution with section 924.07(1), Florida Statutes (2003), and Florida Rules of Appellate Procedure 9.030(b)(4), 9.030(c)(1)(B), and 9.140(c).[1] *703 As the district court correctly points out, "our constitution grants the power to authorize non-final appeals to district courts of appeal to our supreme court." Ratner, 902 So.2d at 269. When the above-stated constitutional, statutory, and rules provisions are read in pari materia, this Court has in fact authorized review of the kind of nonfinal order entered by the county court.
The Florida Constitution provides in relevant part:
District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court.

Art. V, § 4(b)(1) Fla. Const. (emphasis added). The certified county court order denying the State's motion in limine is an interlocutory or nonfinal order. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974). Thus, the question that must be answered is whether this Court has adopted a rule that would give review of the county court certified question to the district court.
As provided by article V, section 2 of the Florida Constitution, this Court is empowered to adopt rules governing appellate review, and the Court has done so in the Florida Rules of Appellate Procedure. Rule 9.030(b)(4)(B) is the rule which governs review in the district court of nonfinal orders that certify a question of great public importance. Rule 9.030(b)(4)(B) provides:
(b) Jurisdiction of District Courts of Appeal.
. . . .
(4) Discretionary Review, See [Amendments to the Florida Rules of Appellate Procedure,] 894 So.2d [202] at 211 [(Fla. 2005]). District courts of appeal, in their, discretion, may review by appeal
. . . .
(B) non-final orders, otherwise appealable to the circuit court under rule 9.140(c), that the county court has certified to be of great public importance.
Thus, the district courts of appeal can only review an order of the county court which certifies a question to be of great public importance if the order, without regard to certification, would otherwise be appealable to the circuit court in its appellate capacity under rule 9.140(c).
Rule 9.030(c), which delineates the appellate jurisdiction of the circuit courts, provides in pertinent part as follows:
(c) Jurisdiction of Circuit Courts.
(1) Appeal Jurisdiction. The circuit courts shall review, by appeal
. . . .
(B) nonfinal orders of lower tribunals as provided by general law; . . .
This appellate rule mirrors article V, section 5(b), which authorizes appellate jurisdiction in the circuit courts only as provided for by general law.[2]
Lastly, rule 9.140(c) delineates under subdivision (1) the kind of orders that are *704 appealable by the State. The county court order denying the State's motion to admit Mrs. Ratner's statement is not one of the types of orders appealable by the State under subdivision (1). However, the rule also provides under subdivision (2) for the appeal of other types of nonfinal county court orders to the circuit court. Rule 9.140(c)(2) provides:
(c) Appeals by the State.
. . . .
(2) Non-Final Orders (See [In re Amendments to Florida Rule of Appellate Procedure 9.140(c)(1),] 901 So.2d [109] at 109 [(Fla.2005)]). The state as provided by general law may appeal to the circuit court non-final orders rendered in the county court.
Id. (emphasis added).
Because the appeal jurisdiction of the circuit court is controlled by general law, we must look to the statutes enacted by the Legislature to determine what nonfinal county court orders are appealable by the State to the circuit court under this provision of rule 9.140(c)(2). Cf. City of Miami v. McGrath, 824 So.2d 143, 148 (Fla.2002) (recognizing that a legislative enactment that has uniform applicability within a permissible class is a general law). In other words, the circuit court's appellate jurisdiction to hear appeals by the State of nonfinal orders is controlled by authorization from the Legislature.
The general law enacted by the Legislature that governs State appeals and that would govern the State's right to appeal under rule 9.140(c)(2) is section 924.07, Florida Statutes (2003). This statutory provision outlines a number of orders that are appealable by the State. Some of these statutory provisions are also found in Florida Rule of Appellate Procedure 9.140(c)(1), which governs State appeals to the district courts of appeal. However, because constitutionally appeals to the circuit courts are governed by general law, these statutory provisions control the kind of orders that may be appealed to the circuit court. The general law, pursuant to section 924.07(1)(h), grants the State the right to appeal "[a]ll other pretrial orders, except that it may not take more than one appeal under this subsection in any case." In addition, section 924.07(1)(l) allows the State to appeal "[a]n order or ruling suppressing evidence or evidence in limine at trial." The State could therefore appeal to the circuit court a county court order that falls under either of the above-quoted provisions of section 924.07.
In this case, the State filed a motion in limine seeking to admit a statement made by the victim to a police officer as an excited utterance. The State admitted that it did not intend to call the victim as a witness. The defense, on the other hand, argued the admission of the statement would violate the defendant's confrontation rights as explained in Crawford. The county court entered an order denying the State's motion and entered an amended order denying the motion and certifying a question as one of great public importance. Because this nonfinal order of the county court was an order suppressing evidence in limine,[3] the order was appealable to the circuit court under rule 9.140(c)(2). Thus, contrary to the district court's assertion, the order in question is appealable to the district court of appeal under rule 9.030(b)(4)(B) because it is an order from the county court certifying a question as one of great public importance and it is *705 "otherwise appealable to the circuit court under rule 9.140(c)."
In determining that it did not have jurisdiction to review the type of nonfinal order entered by the county court, the district court relied on the fact that the type of order being appealed, the denial of a motion in limine, was not an authorized motion that the State could directly appeal to a district court of appeal. The court further opined that section 924.07 could not be used to expand the list of appealable orders delineated in rule 9.140(c)(1). We need not reach this issue, however, because it is clear that section 924.07 is constitutional as applied to appeals from the county court to the circuit court because the Legislature has the authority to determine the appeals that may be taken to the circuit court. See art. V, § 5(b), Fla. Const.

CONCLUSION
For the reasons stated above, we hold that the district courts of appeal have jurisdiction to hear appeals from the type of county court order entered in this case, which certified a question of great public importance, because the underlying order was otherwise appealable to the circuit court under rule 9.140(c)(2). We therefore reverse the decision of the district court of appeal and remand to the district court for further proceedings consistent with this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, CANTERO and BELL, JJ., concur.
NOTES
[1] Although the parties have addressed an issue involving the applicability of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), to the excited utterance exception to the hearsay rule, we do not address this issue because it was not addressed by the district court in its May 18, 2005, opinion on rehearing.
[2] Article V, section 5(b) of the Florida Constitution provides that circuit courts shall have appellate jurisdiction as provided by general law. This provision states in pertinent part: "The circuit courts shall have original jurisdiction not vested in the county courts, and jurisdiction of appeals when provided by general law." (Emphasis added.)
[3] The State also argues that the order is appealable pursuant to section 924.07(1)(h). However, we need not make a determination on this issue because the order clearly falls under 924.07(1)(l).