KLEIN, J.
This non-final appeal has been remanded by the Florida Supreme Court. State v. Ratner, 948 So.2d 700 (Fla.2007). The issue presented involves the Confrontation Clause of the Sixth Amendment as interpreted by Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
This case arises out of a domestic violence incident in which the wife refused to testify and involves her statement to a police officer. Immediately after an alleged battery, the wife got in her car and drove to a nearby police station, which was only minutes away. The testimony of the officer, which the state seeks to admit in evidence, includes the following:
A. I was in the parking lot sitting in my police car. A car pulled into the parking lot. A lady got out of her car. I saw her walking toward me. It was apparent that she had either been battered or had an accident. Her eyes were swollen. She was bleeding from the left eyebrow, and she was crying. I stepped out of my vehicle and my exact words were, my goodness what happened to you?
[[Image here]]
Q. What was her reply?
A. Her reply was, I want to report that my husband beat me up, punched me, knocked me down and kicked me in the face.
The officer further testified that he immediately took her into the police station and instructed the dispatcher to call the paramedics to take her to the hospital.
The state filed a motion in limine, seeking to admit the wife’s statement implicating her husband, as an excited utterance. The county court denied the motion based on Crawford and certified the question as one of great importance:
SHOULD THE DECISION OF THE UNITED STATES SUPREME COURT IN CRAWFORD V. WASHINGTON, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) BE INTERPRETED TO PRECLUDE THE ADMISSION OF A STATEMENT WHICH WOULD OTHERWISE BE ADMISSIBLE UNDER THE EXCITED UTTERANCE EXCEPTION TO HEARSAY?
Whether we review a certified question is discretionary under rule 9.030(b)(4)(B). We are exercising our discretion not to answer the certified question, because our review of the record indicates that, despite the wording of the certified question, the trial court has not yet found if the statement was admissible as an excited utterance. If the wife’s statement to the officer does not qualify as an excited utterance, it would be inadmissible, and there will be no need to address whether Crawford applies.
*38 In order for the statement to the officer to be admissible as an excited utterance, the state would have to demonstrate that the wife did not have time for reflective thought between the beating and the statement to the officer. Stoll v. State, 762 So.2d 870 (Fla.2000). There is evidence that, after she was battered, the wife gathered up her small child and dog, put them both in the car, and then drove to the police station. On this record, the state has not carried its burden of demonstrating that there was no time for reflective thought.
Trial judges, before certifying questions of great public importance to be answered by appellate courts, should resolve any preliminary issues which could make the question moot, such as the excited utterance issue in this case.
We accordingly transfer the appeal to circuit court.
SHAHOOD and POLEN, JJ., concur.