# Third District Court of Appeal

## State of Florida

Opinion filed June 28, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-439
Lower Tribunal No. 15-18141
_____

**Bankers Lending Services, Inc.,**
Petitioner,

vs.

**Regents Park Investments, LLC,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County.

Garbett, Allen & Roza and B. Elizabeth Interthal and David S. Garbett, for petitioner.

Arnaldo Velez, for respondent.

Before SALTER, FERNANDEZ and LUCK, JJ.

SALTER, J.

Bankers Lending Services, Inc. ("Bankers Lending"), seeks a writ of certiorari quashing an order denying Bankers Lending's motion to require a bond

as a condition for reinstatement of a lis pendens. Finding Bankers Lending's petition well taken, we quash the order.

Procedural History

This case originated with Regents' (the buyer's) claim for specific performance of a contract to buy several real estate parcels from Bankers Lending. When the transaction failed to close, Regents filed its lawsuit and a lis pendens encumbering the parcels.[1] The trial court granted Bankers Lending's motion to discharge the lis pendens, but we reversed and remanded the case with an instruction to reinstate the lis pendens. Regents Park Invs. v. Bankers Lending Servs., Inc., 197 So. 3d 617 (Fla. 3d DCA 2016) ("Regents I").

On remand, the trial court granted Regents' motion to reinstate the lis pendens, but denied Bankers Lending's cross-motion for an evidentiary hearing to consider whether a lis pendens bond should be required and, if so, to set the amount of the bond. Bankers Lending's petition for certiorari followed.

Analysis

Regents' response to the petition and its argument to the trial court was that Bankers Lending no longer owned the property and thus could suffer no harm. On that basis, Regents argued that the trial court should exercise its discretion and

---

[1] As Regents' claim was for specific performance and was not based on a "duly recorded instrument," Regents was required by section 48.23, Florida Statutes (2015) to file a lis pendens if it wished to protect itself against the claims of non-parties.

2

deny the motion for a lis pendens bond. Between the time the lis pendens was discharged by the trial court in February 2016 and our reversal of that order in July 2016 (Regents I, 197 So. 3d at 622), a non-party lender to Bankers Lending, Infill Development Lenders, LLC ("Infill"), recorded a quitclaim deed to the parcels in dispute. The quitclaim deed, though dated July 1, 2012, was recorded by Infill in April 2016 as part of its mortgage loan and forbearance agreement with Bankers Lending.

Citing Penabad v. A.G. Gladstone Associates, Inc., 823 So. 2d 146 (Fla. 3d DCA 2002), Regents persuaded the trial court that Infill, not Bankers Lending, was the owner and no bond should be required as a condition of reinstating the lis pendens. The trial court thus granted Regents' motion to reinstate the lis pendens as of the date filed in August 2015, but denied Bankers Lending's cross-motion to require a lis pendens bond.

Although we have also reviewed orders granting or discharging a lis pendens, and orders relating to lis pendens bonds, as appealable non-final orders under Florida Rule of Appellate Procedure 9.130(a)(3)(B), we have more recently agreed with the other Florida district courts of appeal "that certiorari is the appropriate procedure for the review of such an order." 100 Lincoln Rd SB, LLC v. Daxan 26 (FL), LLC, 180 So. 3d 134, 136 (Fla. 3d DCA 2015). Applying that standard to the case at hand, we conclude that Bankers Lending had standing to

3

move for a lis pendens bond and to provide proof at an evidentiary hearing of "potential loss or damage she or he will likely incur if the notice of lis pendens is unjustified." Licea v. Anllo, 691 So. 2d 29, 30 (Fla. 3d DCA 1997); see also, Med. Facilities Dev., Inc., v. Little Arch Creek Props. Inc., 675 So. 2d 915, 917–18 (Fla. 1995) ("We agree with Judge Barkdull's statement that the property-holder defendant's right to a bond should be conditioned upon a demonstration of the potential loss or damage the defendant will likely incur if the notice of lis pendens is unjustified.").

The case law also recognizes, however, that the trial court has the discretion to deny a lis pendens bond in such a circumstance, rejecting "the interpretation that the statutory reference to injunctions [in section 48.23(3), Florida Statutes (1995)] requires the lis-pendens proponent to post a bond in every case." 675 So. 2d at 918. The issue presented here is whether that discretion may be exercised without affording a party an evidentiary hearing after prospective damages have been proffered.

During the period from the filing of the original lis pendens (August 2015) and the recordation of the deed divesting Bankers Lending of title (April 2016), the lis pendens may have caused Bankers Lending to incur loss or damage,[2] as that

---

[2] Bankers Lending's counsel filed an affidavit in support of its motion for the bond regarding Bankers Lending's legal fees incurred as a result of the allegedly-wrongful lis pendens. Attorney's fees may be considered by a trial court in setting the amount of a lis pendens bond if the court concludes that a bond is appropriate.

was a time when Bankers Lending had "ownership rights in the property." FCD Dev., LLC v. S. Fla. Sports Comm., Inc., 37 So. 3d 905, 909 (Fla. 4th DCA 2010) (citing Penabad, 823 So. 2d at 147). Further, Bankers Lending's original motion recited (and Regents did not dispute the recital) that "[t]he parties have agreed that a separate hearing will determine the amount of the bond." Here, after reinstating the lis pendens, the trial court summarily denied Bankers Lending's motion for a lis pendens bond without affording Bankers Lending an evidentiary hearing to prove its prospective loss or damage resulting from the lis pendens.

Having shown a departure from the essential requirements of law that will cause material injury if the lis pendens is subsequently shown to have been unjustified, and "effectively leaving no adequate remedy on appeal," Bankers Lending is entitled to the issuance of the writ. Martin-Johnson, Inc., v. Savage, 509 So. 2d 1097, 1099 (Fla. 1987).

We grant the petition and quash the order denying Bankers Lending's motion for a lis pendens bond. We express no opinion regarding Bankers Lending's ability to meet its burden to prove at an evidentiary hearing its loss or damage likely to be incurred if Bankers Lending ultimately proves that the lis pendens was unjustified. In the event the trial court finds that a lis pendens bond is

---

S&T Builders v. Globe Props., Inc., 944 So. 2d 302 (Fla. 2006); McMillan/Miami, LLC v. Krystal Capital Managers, LLC, 1 So. 3d 312 (Fla. 3d DCA 2009).

appropriate, the court may condition the continued existence and effectiveness of the lis pendens upon the filing of the bond.

Petition granted; order quashed.