# Third District Court of Appeal

## State of Florida

Opinion filed April 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2776
Lower Tribunal No. 17-21356
_____

**Senia Rodriguez,**
Appellant,

vs.

**Luis Villavicencio Guerra,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Navarro Hernandez, P.L., and Luis F. Navarro, for appellant.

Law Offices of E. I. Friedman, P.A., and Eyal I. Friedman, for appellee.

Before EMAS, SCALES, and LINDSEY, JJ.

SCALES, J.

Appellant, defendant below, Senia Rodriguez challenges a non-final order that denied Rodriguez's Motion to Discharge Lis Pendens or in the Alternative to Set Lis Pendens Bond ("Motion"). Finding no abuse of discretion, we affirm.[1]

Appellee, plaintiff below, Luis Villavicencio Guerra, recorded a notice of lis pendens contemporaneously with Guerra's lawsuit seeking to rescind a quitclaim deed, purporting to transfer Guerra's property to Rodriguez.[2] Rodriguez set her Motion as a non-evidentiary hearing on the trial court's open motion calendar. As is apparent from the transcript of the hearing, the trial court concluded that Guerra's claims[3] were not "founded on a duly recorded instrument" so as to

---

[1] While appellant challenged the subject non-final order via appeal, we recognize that recent decisions of this Court indicate that the appropriate procedure for reviewing non-final orders granting or discharging a lis pendens, and non-final orders relating to lis pendens bonds, is via a certiorari petition. See Bankers Lending Servs., Inc. v. Regents Park Invs., LLC, 225 So. 3d 884, 885 (Fla. 3d DCA 2017); 100 Lincoln Rd. SB, LLC v. Daxan 26 (FL), LLC, 180 So. 3d 134, 136 (Fla. 3d DCA 2015). These recent decisions, though, did not abrogate prior decisions of this Court concluding that we have appellate jurisdiction to review such non-final orders under Florida Rule of Appellate Procedure 9.130(a)(3)(B). See Acapulco Constr., Inc. v. Redavo Estates, Inc., 645 So. 2d 182, 183 (Fla. 3d DCA 1994); Roger Homes Corp. v. Persant Constr. Co., 637 So. 2d 5, 6 n.1 (Fla. 3d DCA 1994); Munilla v. Espinosa, 533 So. 2d 895, 895 n.1 (Fla. 3d DCA 1988). The result in this case is not dependent upon the review mechanism, and would have been the same had appellant filed a petition for certiorari relief rather than an appeal.

[2] After Guerra executed a power of attorney purportedly authorizing Rodriguez to execute documents on Guerra's behalf, Rodriguez, allegedly acting pursuant to the power of attorney, executed the subject quitclaim deed.

[3] Count I of Guerra's Amended Complaint sought to rescind the subject quitclaim deed, and Count II sought to quiet title in the subject property to Guerra.

authorize Guerra to record a lis pendens as a matter of right. See § 48.23(3), Fla. Stat. (2017); Am. Legion Cmty. Club v. Diamond, 561 So. 2d 268, 272 (Fla. 1990) (concluding that an action to set aside a conveyance of real property for fraud was not an action "founded on the terms and provisions" of the recorded instrument, "but on the circumstances surrounding the execution" of the recorded instrument; therefore, the plaintiff was not entitled to a lis pendens as a matter of right). Hence, as required by section 48.23(3), the trial court adjudicated Rodriguez's motion as if Guerra's notice of lis pendens was a temporary injunction. § 48.23(3), Fla. Stat. (2017) ("When the pending pleading does not show that the action is founded on a duly recorded instrument . . . the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions."); Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915, 917 (Fla. 1996) (concluding that, where an action is not based on a duly recorded instrument, the proponent is entitled to maintain a lis pendens where the proponent shows a "fair nexus between the property and the dispute").

While not entirely clear from the hearing transcript, it does appear that the trial court determined that Guerra had met his burden of establishing a fair nexus between the subject property and the underlying action. Upon finding that Rodriguez had not satisfied her burden of demonstrating irreparable harm, the trial court then exercised its discretion not to impose a requirement of a bond. Med.

Facilities Dev., Inc., 675 So. 2d at 917-18 ("[T]he decision of whether a lis-pendens bond should be posted rests within the discretion of the trial judge. . . . Our holding today specifically rejects the interpretation that the statutory reference to injunctions requires the lis-pendens proponent to post a bond in every case."). While a better practice may have been for the trial court to schedule an evidentiary hearing on the bond issue, we can hardly conclude that the trial court abused its discretion in this regard when Rodriguez scheduled the hearing on her Motion as a non-evidentiary hearing[4] on the trial court's open motion calendar.

Affirmed.

---

[4] In advance of the hearing, as exhibits to her verified supplemental memorandum of law in support of her Motion, Rodriguez provided the trial court with numerous documents and an affidavit that purported to support her claim of irreparable harm. The hearing transcript reflects that Rodriguez's exhibits were discussed at the hearing immediately prior to the trial court making its ruling.