HENDON, J.
The former husband, Aaron Rokosz, seeks review by interlocutory appeal of the "Order Denying Former Husband's Verified Motion to Discharge Lis Pendens Against Homestead Property."[1] For the reasons that follow, we reverse and remand for an evidentiary hearing.
In 2016, the former wife, Sarah Haccoun, filed a petition for dissolution of marriage. Thereafter, the parties entered into a partial mediated settlement agreement ("partial MSA") that equitably distributed the parties' assets and liabilities, provided that the former wife was waiving alimony, and resolved issues relating to child support through the end of May 2018. The parties, however, did not resolve issues relating to post-May 2018 child support, the parenting plan, and the former wife's claim for attorney's fees. In May 2018, the trial court entered a partial final judgment of dissolution of marriage dissolving the parties' marriage, approving the partial MSA, and retaining jurisdiction to enforce the partial MSA and to try the remaining issues.
Pursuant to the partial MSA, the former husband received condominiums located in New York City and Hialeah. The partial MSA provides that a lis pendens on the Hialeah condominium would remain in place to secure the payment of the former wife's attorney's fees, if awarded. Following the equitable distribution of the New York City condominium to the former husband, the former husband and his father entered into a 1031 Exchange Agreement, whereby they agreed to exchange the New York City condominium owned by the former husband for properties then owned by the father-a condominium located in Pompano Beach and 159 parcels of land located in Duval County.
On August 10, 2018, the former wife filed an "Urgent Motion for Leave to File Lis Pendens on Properties Located In Duval County and Pompano, Florida" ("motion for lis pendens"). The former wife argued that the former husband violated the status quo order[2] by entering into the 1031 Exchange Agreement with his father, and requested that the trial court grant her leave of court to place lis pendens on *500 the Pompano Beach condominium and the parcels in Duval County to prevent the former husband from disposing of or encumbering his assets prior to the trial court's entry of a judgment awarding attorney's fees and costs to the wife, if applicable. Following an evidentiary hearing, the trial court entered an order granting the former wife's motion for lis pendens finding that the former husband's transfer of the New York condominium and the Duval County parcels to his father violated the status quo order.
On September 24, 2018, the former husband filed a "Verified Motion to Discharge Lis Pendens Against Homestead Property" ("motion to discharge"), arguing that the Pompano Beach property was his homestead, and therefore, pursuant to Article X, section 4(a) of the Florida Constitution, the property was exempt from levy or forced sale to enforce the former wife's claim for attorney's fees and costs.[3] At the evidentiary hearing on the former husband's motion to discharge lis pendens, the former wife objected to the former husband introducing several exhibits for the purpose of demonstrating whether the Pompano Beach condominium was in fact the former husband's homestead. Following the trial court's review of the transcript of the hearing on the former wife's motion for lis pendens, the trial court ruled that it was treating the motion to discharge the lis pendens as a motion for reconsideration of the order granting the former wife's motion for lis pendens and was denying the motion. Based on the trial court's ruling, the former husband did not testify and the exhibits the former husband intended to introduce were marked for identification but not introduced into evidence. Thereafter, the trial court entered an order denying the former husband's motion to discharge the lis pendens, noting that the trial court considers the motion for discharge as a motion for reconsideration of the issues raised in the former wife's motion for lis pendens. This non-final appeal followed.
The former husband contends that he was denied his right to procedural due process because he was not provided with a meaningful opportunity to be heard on his motion to discharge lis pendens based on the trial court erroneously treating his motion to discharge the lis pendens as motion for reconsideration of the order granting the former wife's motion for lis pendens. We agree. See Julia v. Julia, 146 So. 3d 516, 520 (Fla. 4th DCA 2014) (holding that an appellate court reviews "a possible violation of due process de novo ").
Motions for reconsideration apply to "nonfinal, interlocutory orders, and are based on a trial court's 'inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment or order terminating an action ....' " Seigler v. Bell, 148 So. 3d 473, 478-79 (Fla. 5th DCA 2014) (quoting Silvestrone v. Edell, 721 So. 2d 1173, 1175 (Fla. 1998) (citations omitted)); see also Bettez v. City of Miami, 510 So. 2d 1242, 1243 (Fla. 3d DCA 1987) ("It is well settled in this state that a trial court has inherent authority to reconsider ... any of its interlocutory rulings prior to entry of a final judgment or final order in the cause."). In the instant case, in granting the former wife's motion for lis pendens, the trial court ruled that *501 the former husband's transfer of the New York condominium and the Duval County parcels to his father violated the status quo order. In moving to discharge the lis pendens, the former husband did not ask the trial court to reconsider this ruling. Rather, the former husband moved to discharge the lis pendens on the Pompano Beach condominium arguing that the Pompano Beach condominium was his homestead, and therefore, pursuant to Article X, section 4(a) of the Florida Constitution, the property was exempt from levy or forced sale to enforce the former wife's claim for attorney's fees and costs.[4] Thus, the trial court erred by treating the motion to discharge lis pendens as a motion for reconsideration of the trial court's order granting the former wife's motion for lis pendens.
Based on the trial court's erroneous treatment of the former husband's motion to discharge lis pendens as a motion for reconsideration, the trial court did not conduct an evidentiary hearing and did not permit the former husband to introduce the exhibits in support of his argument that the Pompano Beach condominium was indeed his homestead. Thus, because the former husband was not afforded a full and fair opportunity to be heard, his right to procedural due process was violated. See Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth., 795 So. 2d 940, 948 (Fla. 2001) ("Procedural due process requires both fair notice and a real opportunity to be heard."); Bull Motors, L.L.C. v. Brown, 152 So. 3d 32, 36 (Fla. 3d DCA 2014) ("Procedural due process requires that each litigant be given proper notice and a full and fair opportunity to be heard." Carmona v. Wal-Mart Stores, East, LP, 81 So. 3d 461, 463 (Fla. 2d DCA 2011) ). Accordingly, we reverse the order under review denying the former husband's motion to discharge lis pendens and remand the case for an evidentiary hearing on the former husband's motion to discharge lis pendens.
As we have reversed the order under review and remanded for an evidentiary hearing, we do not need to address the remaining arguments raised by the former husband.
Reversed and remanded.

This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). See Rodriguez v. Guerra, 254 So. 3d 521, 521 n.1 (Fla. 3d DCA 2018).

At the commencement of the dissolution action, the former wife filed a Notice of Filing and Serving Administrative Order No. 14-13, which attached an order titled, "Status Quo Temporary Domestic Relations Order, With or Without Minor Children."

While the former husband's motion to discharge lis pendens was pending, the former husband appealed the non-final order granting the former wife's motion for lis pendens. During the pendency of that appeal, on the former husband's motion, this Court remanded on an interim basis to allow the trial court to address the former husband's motion to discharge lis pendens.

The former husband's motion to discharge lis pendens did not address the parcels in Duval County.