# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1316
Lower Tribunal No. 20-25612

_____

**Nerja I. Jakubow,**
Petitioner,

vs.

**Rafael Jakubow, et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Knight Law P.A., and Jeremy I. Knight, Shlomo Y. Hecht, and Elroy M. John (Hollywood), for petitioner.

Barry S. Franklin & Associates, P.A., and Barry S. Franklin, for respondent Rafael Jakubow.

Before EMAS, LOBREE and BOKOR, JJ.

PER CURIAM.

Nerja I. Jakubow, plaintiff below, appeals from an order requiring him to post a cash bond in the amount of $425,000 by a date certain, failing which the lis pendens on the underlying property would be discharged. Appellant claims he was entitled to a lis pendens without having to post a bond because the underlying action was based on a duly recorded instrument. We treat this appeal as a petition for writ of certiorari, see Bankers Lending Servs., Inc. v. Regents Park Ins., LLC, 225 So. 3d 884, 885 (Fla. 3d DCA 2017) ("Although we have also reviewed orders granting or discharging a lis pendens, and orders relating to lis pendens bonds, as appealable non-final orders under Florida Rule of Appellate Procedure 9.130(a)(3)(B), we have more recently agreed with the other Florida district courts of appeal 'that certiorari is the appropriate procedure for the review of such an order' 100 Lincoln Rd SB, LLC v. Daxan 26 (FL), LLC, 180 So. 3d 134, 136 (Fla. 3d DCA 2015)"), find no merit in appellant's argument, and deny the petition. See § 48.23(3), Fla. Stat. (2021) ("When the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part 1 of chapter 713 or when the action no longer affects the subject property, the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions."); Petkovich v. Sandy Point Condo. Apartments Ass'n, Inc., 325 So. 3d 201, 203 (Fla. 3d

DCA 2021) (citing <u>Am. Legion Cmty. Club v. Diamond</u>, 561 So. 2d 268 (Fla. 1990)).

Petition denied.