DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

————————————————

SUZANNE HUTCHINS,

Petitioner,

v.

SCT TRADING, LLC,

Respondent.

No. 2D2023-2351

————————————————

August 7, 2024

Petition for Writ of Certiorari to the Circuit Court for Hillsborough County; Robert A. Bauman, Judge.

M. Vincent Pazienza of PazLaw, Lutz, for Petitioner.

Michael F. Singer and Stephanie M. Martin of Lieser Skaff, PLLC, Tampa, for Respondent.


LaROSE, Judge.

Suzanne Hutchins seeks a writ of certiorari. Her petition asks us to quash the trial court's second order extending SCT Trading, LLC's, lis pendens on her commercial property. *See* Fla. R. App. P. 9.030(b)(2)(A); *see generally Whitburn, LLC v. Wells Fargo Bank, N.A.*, 190 So. 3d 1087, 1090 (Fla. 2d DCA 2015) (" 'Lis pendens' literally means a pending

lawsuit, and is defined as the jurisdiction, power, or control that courts acquire over property involved in a pending suit." (quoting *Adhin v. First Horizon Home Loans*, 44 So. 3d 1245, 1251 (Fla. 5th DCA 2010))).

The lis pendens gives notice to the world that the property is the subject of litigation. *See id.* at 1091 ("A notice of lis pendens protects both the lis pendens proponent and third parties by alerting 'creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation.' " (quoting *Adhin*, 44 So. 3d at 1251)).

Ms. Hutchins complains that the trial court should have conducted an evidentiary hearing to determine whether SCT Trading should post a bond before extending the lis pendens. We dismiss the petition; Ms. Hutchins suffered no irreparable harm.

## Background

Ms. Hutchins owns two contiguous parcels of commercial property. She leased one to SCT Trading's predecessor-in-interest. SCT Trading became the lessee through an assignment. If Ms. Hutchins decides to sell either parcel, the lease requires her to give the lessee written notice and the right of first refusal to purchase the property.

SCT Trading tells us that Ms. Hutchins breached that obligation. Instead, she contracted to sell one of the parcels to a third party without notice to SCT Trading. Litigation ensued.

Ms. Hutchins struck first. In April 2021, she sued to evict SCT Trading. In response, SCT Trading answered the complaint and asserted counterclaims for breach of contract and specific performance. The lawsuit remains pending.

Our story picks up there. In August 2022, SCT Trading recorded a notice of lis pendens against the property. Subsequently, SCT Trading

2

moved to extend the lis pendens. The trial court granted the motion.[1] *See* § 48.23(2), Fla. Stat. (2023) ("A notice of lis pendens is not effectual for any purpose beyond 1 year from the commencement of the action and will expire at that time . . . except when the court extends the time of expiration on reasonable notice and for good cause.").

Most recently, the trial court held a September 2023 hearing on SCT Trading's second motion to extend the lis pendens. Seemingly, SCT Trading believed its motion was perfunctory. After all, the trial court extended the lis pendens before, and nothing had changed. However, Ms. Hutchins was ready for battle. She attempted to argue all manner of substantive legal claims and defenses. *See generally Chiusolo v. Kennedy*, 614 So. 2d 491, 492 (Fla. 1993) (holding that at an evidentiary hearing on a motion to dissolve a lis pendens the proponent of a notice of lis pendens has the burden of proof to show a fair nexus between the property and the dispute).

As relevant here, Ms. Hutchins claimed that she "had asked for, at a minimum, . . . a bond to be set" when SCT Trading sought its first extension. The trial court's order on the first motion confirms that Ms. Hutchins moved, *ore tenus*, for bond to be posted. The trial court reserved ruling, acknowledging that Ms. Hutchins "is entitled to a separate hearing as to said request," should she make such a request. *See Bankers Lending Servs., Inc. v. Regents Park Invs., LLC*, 225 So. 3d 884, 886 (Fla. 3d DCA 2017). At the September 2023 hearing, SCT Trading noted that her request "was ruled upon at the previous hearing" and that "[t]here's been no filing at this time requesting a bond nor any

---

[1] Our limited record suggests that the trial court extended the lis pendens for a relatively short period because the parties anticipated a quick resolution of the case. *Sat Cito Si Recte.* Hope springs eternal.

filing establishing what those damages from the lis pendens are or what harm would be had in the absence of a bond."

The trial court orally granted SCT Trading's second motion. When pressed by Ms. Hutchins, the trial court explained that she "[wa]s asking me to rule on the primary issue in the case and all that's being requested at this point is the extension of the lis pendens." The trial court advised Ms. Hutchins that "if [she] want[s] a bond posted[,] file the motion, we'll take up evidence on posting a bond to protect [Ms. Hutchins], if necessary." The trial court's written order recited that the trial court was "reserv[ing] ruling on [Ms. Hutchins'] request for the requirement that a bond be posted. [Ms. Hutchins] is entitled to a separate hearing as to said request."

Ms. Hutchins ignored the trial court's instructions. Rather, she filed her petition with us. She wants us to quash the second order. She claims that the trial court failed to conduct an evidentiary hearing "to allow [her] to provide proof as to . . . her prospective loss or damage resulting from the lis pendens." Ultimately, she wants SCT Trading to post a bond. Of course, Ms. Hutchins acknowledges that "it is within a trial court's discretion to decide if the posting of a bond by a party seeking to record a lis pendens is necessary." She posits that "the trial court must first conduct an evidentiary hearing to allow a property owner to provide proof as to his or her prospective loss or damage resulting from the lis pendens." The trial court offered her that opportunity twice, but she declined the invitation both times.

## Discussion

"[C]ertiorari review of interlocutory orders 'is an extraordinary remedy that should be granted only in very limited circumstances.' " *Foster v. State*, 326 So. 3d 1192, 1194 (Fla. 1st DCA 2021) (quoting

4

*Paton v. GEICO Gen. Ins. Co.*, 190 So. 3d 1047, 1052 (Fla. 2016)); *Dep't of Revenue v. D.E.B.*, 312 So. 3d 180, 182 (Fla. 2d DCA 2021) ("Certiorari is an original proceeding designed to provide extraordinary relief." (quoting *State v. Bjorkland*, 924 So. 2d 971, 975 (Fla. 2d DCA 2006))).

As the petitioner, Ms. Hutchins "must establish that (1) the trial court departed from the essential requirements of the law, (2) the departure resulted in a material injury that will affect the remainder of the proceedings below, and (3) the injury cannot be corrected through any other means." *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633, 635 (Fla. 2d DCA 2008). "The second and third elements are jurisdictional, and this court must first analyze the jurisdictional elements before it can consider whether the lower tribunal departed from the essential requirements of law. If the petitioner fails to satisfy the jurisdictional elements, this court dismisses the petition rather than denying it." *Plantz v. John*, 170 So. 3d 822, 824 (Fla. 2d DCA 2015) (citation omitted).

Ms. Hutchins' plea for certiorari must fail. It is true that a trial court may require the proponent of a lis pendens to post a bond. *See S & T Builders v. Globe Props., Inc.*, 944 So. 2d 302, 304 (Fla. 2006) ("We have interpreted the statutory reference to injunctions in section 48.23(3) of the Florida Statutes to authorize a trial court to require the posting of a bond . . . ."); *Chiusolo*, 614 So. 2d at 493 ("[T]he statutory reference to injunctions [in section 48.23(3)] exists merely to permit property holders to ask in an appropriate case that the plaintiff post a bond where needed to protect the former from irreparable harm. The bond requirement, whenever appropriate, is a vehicle for protecting the property holders just as the lis pendens protects the plaintiff and third parties." (footnote omitted)). However, if a bond is to be posted, it comes only after the trial

5

court conducts an evidentiary hearing and determines that a bond is appropriate. *See Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc.*, 675 So. 2d 915, 916, 918 (Fla. 1996) (rejecting the claim that a lis pendens proponent must "post a bond in every case" and holding that "it is within the trial court's discretion to determine whether to require the lis-pendens proponent to post a bond when the property-holder defendant can show that damages will likely result to that defendant in the event the notice of lis pendens is unjustified"); *see also Licea v. Anllo*, 691 So. 2d 29, 30 (Fla. 3d DCA 1997) ("Obviously the property holder, in order to demonstrate [entitlement to a bond and the bond amount] to the court, will need to present evidence thereof, after which the proponent of the lis pendens is entitled to present evidence to the contrary.").

Ms. Hutchins neither filed a motion nor scheduled a hearing. Despite the trial court's entreaties, she has done nothing to tee up the bond issue in the trial court. *See* Fla. R. Civ. P. 1.100(b) ("An application to the court for an order must be by motion which must be made in writing unless made during a hearing or trial, must state with particularity the grounds for it, and must set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion. All notices of hearing must specify each motion or other matter to be heard.").

At this juncture, the trial court rightfully refrained from ordering SCT Trading to post a bond. Indisputably, a trial court cannot award unrequested relief. *See Abbott v. Abbott*, 98 So. 3d 616, 617-18 (Fla. 2d DCA 2012) (" '[C]ourts are not authorized to award relief not requested in the pleadings.' To grant unrequested relief is an abuse of discretion and reversible error." (citations omitted) (quoting *Nabinger v. Nabinger*, 82 So. 3d 1075, 1076 (Fla. 1st DCA 2011))); *see, e.g.*, *Davis v. Lopez-Davis*,

162 So. 3d 19, 21 (Fla. 4th DCA 2014) (concluding that "the court erroneously awarded the wife relief that she did not request" "by denying the husband any visitation" because the wife "requested that the husband be allowed supervised visitation" and "did not request that the husband be denied any timesharing with the child"). "Additionally, a court should not grant such relief absent proper notice to the parties." *Worthington v. Worthington*, 123 So. 3d 1189, 1191 (Fla. 2d DCA 2013). To do so violates a party's due process rights. *See Buschor v. Buschor*, 252 So. 3d 833, 834-35 (Fla. 5th DCA 2018) (concluding that the trial court violated Former Wife's due process rights when it awarded unrequested relief without proper notice).

In support of her petition, Ms. Hutchins relies upon *Bankers Lending Services, Inc.*, 225 So. 3d at 884. She suggests that *Bankers* requires a trial court to conduct an evidentiary hearing prior to determining whether a bond must be posted. This is true, as far as it goes. However, *Bankers* offers Ms. Hutchins no reed to grasp.

In *Bankers*, the Third District granted the certiorari petition because, after "reinstating" (i.e., extending) the lis pendens, the trial court never held a hearing on Bankers Lending's "motion for a lis pendens bond." *Id.* at 886. ("Here, after reinstating the lis pendens, the trial court summarily denied Bankers Lending's motion for a lis pendens bond without affording Bankers Lending an evidentiary hearing to prove its prospective loss or damage resulting from the lis pendens."). As we have recounted, Ms. Hutchins never filed a motion or scheduled a hearing. Thus, *Bankers* is easily distinguishable.

Ms. Hutchins is not at a dead end. However, she must act. *See Med. Facilities Dev., Inc.*, 675 So. 2d at 916. Because of her reluctance or unwillingness to file a motion and set a hearing, Ms. Hutchins has not

offered the trial court an opportunity to address the bond issue. As a result, she has suffered no injury, let alone of the "material" variety addressable by certiorari. *Cf. Landmark at Crescent Ridge LP v. Everest Fin., Inc.*, 219 So. 3d 218, 220 (Fla. 1st DCA 2017) ("Without holding that the harm from the wrongful filing of a notice of lis pendens could never be 'irreparable' for purposes of a petition for writ of certiorari, the petition in this case fails to present facts and argument establishing that the harm caused by the lis pendens, even if erroneous, will be irreparable by a financial award or otherwise after a final judgment is entered."); *see generally* Valeria Hendricks, *Writ of Certiorari in Florida*, The Florida Bar Florida Appellate Practice § 11.2.C.1 (2022) (observing that "the requirement of 'material injury throughout the subsequent proceedings' has eluded precise definition by Florida courts" and presenting a survey of Florida cases demonstrating what constitutes material injury).

## Conclusion

We dismiss Ms. Hutchins' petition. Because the trial court has not yet addressed the need for a lis pendens bond, Ms. Hutchins has suffered no harm. *See Cruz v. Cooperativa De Seguros Multiples De Puerto Rico, Inc.*, 76 So. 3d 394, 397 (Fla. 2d DCA 2011) ("Absent irreparable harm, we should dismiss the petition.").

Dismissed.

KELLY and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

8