CLARK, J.
 

 Stacy Knight (“former wife”) appeals the final order of enforcement and modification which granted her petition for modification of child support but denied her request that the modification apply retroactively. The order modifying child support increased Richard Nabinger’s (“former husband”) monthly child support amount from $800.00 per month to $947.74 per month. The trial court’s modification order erred in the calculation of the new child support amount by offsetting the Child Support Guidelines amount by the adoption subsidy received by the former wife for the support and maintenance of the child. §§ 61.30 & 409.166, Fla. Stat. In
 
 *1076
 
 all other respects, the order on appeal is affirmed.
 

 During the parties’ six-year marriage, they adopted a child and received financial “adoption assistance” pursuant to section 409.166, Florida Statutes. The final judgment of dissolution was entered on May 6, 2008. Under that final judgment and the marital settlement agreement as incorporated therein, among other things, the former husband was required to pay $800.00 per month for child support and the former wife would receive the adoption subsidy. No mention of the child support guidelines or any relationship between the guidelines amount and the adoption subsidy is contained in the final judgment and marital settlement agreement. Neither party appealed the final judgment of dissolution.
 

 In her petition for modification, the former wife sought an upward modification of child support based upon two substantial changes in circumstances: 1) the former husband’s increased income; and 2) the former husband’s refusal to have regular, meaningful contact with the child, requiring the former wife to “assume 100% of the responsibility for the needs of the child.” The trial court received evidence, found facts supporting these substantial changes in circumstances, and granted the upward modification. No abuse of discretion occurred in these rulings. However, the amount of the upward modification calculated by the trial court was erroneous and must be reversed.
 

 The trial court’s calculation of the new child support amount used the parties’ net incomes to arrive at the guidelines amount set by section 61.30, Florida Statutes. The trial court then adjusted that figure by “[allowing a credit for the entire adoption subsidy against the Former Husband’s child support obligation,” reducing the guidelines amount to $473.87 bi-weekly or $947.74 per month. The record contains no request by either party that the adoption subsidy be factored into the equation during the modification proceedings and no change of circumstances pertaining to the subsidy was ever raised. The marital settlement agreement, as incorporated into the final judgment of dissolution, did not provide that former husband’s child support payment was reduced by the adoption subsidy amount. That agreement merely fixed a child support amount, deemed former wife the recipient of the adoption subsidy on behalf of the child, acknowledged that the child’s health care expenses would be paid by Medicaid and required the parties to split the child’s dental and orthodontic expenses.
 

 The final judgment contains no mention of any “offset” or “credit” to former husband’s child support payment resulting from the subsidy. Even if the parties had intended such a relationship between the amounts, they did not include any language in the marital settlement agreement indicating this connection. Consequently, the “credit” awarded by the trial court in its modification order is not the reapplication of a formula agreed upon and used in the original settlement agreement and final judgment. It is a material change in the calculation of child support which was not requested by either party. In modification proceedings, as in other civil matters, courts are not authorized to award relief not requested in the pleadings.
 
 Escobar v.
 
 Escobar; 76 So.3d 958 (Fla. 4th DCA 2011). In addition, the scope of modification proceedings is narrower than the original plenary proceeding to establish the need and amount of support in the first place.
 
 See Woodward v. Berkery,
 
 714 So.2d 1027 (Fla. 4th DCA 1998) (scope of discovery in modification proceeding “necessarily narrower” than for original proceeding and limited to “the
 
 *1077
 
 precise change in circumstances properly alleged and cognizable in the requested modification.”).
 

 Not only was the “credit” not contained in the final judgment or marital settlement agreement, the trial court’s application of it does not comport with public policy. The legislative intent underlying the adoption maintenance subsidy for children adopted out of the state’s foster care system is to “protect and promote each child’s right to the security and stability of a permanent family home,” for those children in the foster care system “who, because of his or her needs, has proven difficult to place in an adoptive home.” § 409.166(1), Fla. Stat. It has been recognized that “no provision of section 409.166 absolves adoptive parents of the financial responsibility incurred in the care of special needs children.”
 
 In Interest of T. S.,
 
 511 So.2d 435, 436-187 (Fla. 2d DCA 1987). Similar statutory adoption incentives in other states have been found to be in
 
 “addition
 
 to a parent’s obligation of financial support.”
 
 Hamblen v. Hamblen,
 
 203 Ariz. 342, 54 P.3d 371 (Ariz.App.2002) (emphasis added). The supplemental nature of the subsidy is apparent because “[h]ad the parties not separated, the child would have enjoyed the benefit of both parents’ incomes, as well as the subsidy.”
 
 In re Marriage of Bolding-Roberts,
 
 113 P.3d 1265, 1268 (Colo.App.2005).
 

 The trial court’s modification order, giving the former husband dollar-for-dollar credit against his child support obligation under the guidelines, is inconsistent with the supplementary purpose of the subsidy, removes the benefit intended for the special needs child, and reduces, rather than maintains, the resources intended to meet the child’s needs. Section 61.30, Florida Statutes, provides the trial court with discretion to consider many factors in adjusting a total minimum child support award to achieve an equitable result. § 61.30(ll)(a), Fla. Stat.;
 
 see also,
 
 § 61.14, Fla. Stat. (equitable result desired in modification proceedings). However, the offset fashioned by the trial court in this case defeats the legislative purpose of the adoption subsidy under section 409.166 and its intended benefit to the child.
 

 For all the foregoing reasons, the modified child support amount set by the trial court is reversed and the case remanded for recalculation of the new child support amount consistent with the child support guidelines and without regard to the adoption subsidy. In all other respects, the order of the trial court is affirmed.
 

 PADOVANO, and LEWIS, JJ., concur.