BLACK, Judge.
Ruth Abbott (the Mother) appeals the final judgment granting Donald Abbott’s (the Father’s) supplemental petition to modify child support and visitation. The supplemental petition sought a reduction in child support and expanded visitation privileges with the couple’s thirteen-year-old daughter, including overnight visits. The trial court granted these requests, and we affirm those rulings without further comment. Additionally, however, the court awarded the Father shared parental responsibility which was neither pleaded nor argued at the hearing on the Father’s motion. As to that issue, we reverse.
The parties were married on April 1, 1995, and divorced on October 1, 2004. The 2004 final judgment incorporated a mediated settlement agreement wherein it was agreed that the Mother would have sole parental responsibility of the parties’ minor child. At that time, the Father agreed to and was awarded supervised visitation. The agreement contemplated that visitation rights could be reevaluated in the future.
In January 2008, the Father moved to modify the final judgment seeking a reduction in child support and unsupervised visitation privileges. Following a hearing, the parties entered into a stipulated final judgment. Child support was left unaffected, but the Father’s visitation privileges were expanded to allow for unsupervised visits. Although the Father orally requested shared parental responsibility at the 2008 hearing, he did not plead it in his petition and it was not awarded.
Two years later, in September 2010, the Father petitioned to further modify the final judgment. He again sought a reduction in child support, and he also requested overnight visitation. He did not, however, plead for shared parental responsibility. On March 7, 2011, a hearing was held on the Father’s petition, and on March 21, 2011, a final judgment incorporating a parenting plan was entered. In addition to awarding the Father the requested reduction in child support and overnight visitation, the court awarded him shared parental responsibility, despite his never having pleaded for that relief. At the hearing, there was no discussion of changing parental responsibility, and no change was verbally ordered by the court.
A trial court’s order modifying parental responsibility carries a presumption of correctness and will not be disturbed absent an abuse of discretion. Wade v. Hirschman, 903 So.2d 928, 935 (Fla.2005) (citing In re Gregory, 313 So.2d 735, 738 (Fla.1975)); see Hudson-McCann v. McCann, 8 So.3d 1228, 1229 (Fla. 5th DCA 2009). “In modification proceedings, as in other civil matters, courts are not authorized to award relief not requested in the pleadings.” Nabinger v. Nabinger, 82 So.3d 1075, 1076 (Fla. 1st DCA 2011). To grant unrequested relief is an abuse of *618 discretion, see Escobar v. Escobar, 76 So.3d 958, 961 (Fla. 4th DCA 2011), and reversible error, see Ruble v. Ruble, 884 So.2d 150, 152 (Fla. 2d DCA 2004). Here, because the Father did not plead for a change in parental responsibility and the issue was not otherwise raised at the hearing, it was error for the trial court to award him shared parental responsibility. Accordingly, we reverse that portion of the court’s order and direct that sole parental responsibility be restored to the Mother, which was previously awarded to her in the 2004 final judgment.
Affirmed in part; reversed in part; remanded.
ALTENBERND and KELLY, JJ., Concur.