DAVIS, Chief Judge.
Heather Ann Worthington, the Former Wife, challenges the trial court’s order amending or modifying the final judgment of dissolution of marriage and the order denying her motion for rehearing. We reverse the portion of the order modifying the timesharing arrangement because it exceeds the scope of the relief requested in the motions that were noticed for and addressed at the hearing below.
After the parties’ marriage was dissolved, the Former Husband filed a motion seeking modification of the timesharing agreement. He then filed motions for contempt and for clarification of the timeshar-ing agreement. The latter two motions were noticed for hearing. Following this hearing, the trial court entered an order modifying timesharing.
The order on appeal provides for six hours of visitation to the Former Husband every Monday and Friday, as well as weekend visitation every other weekend. It additionally schedules holiday visitation for the 2011-12 season. The Former Wife claims that the trial court procedurally erred in entering the modification order by granting relief beyond that requested in the Former Husband’s motions. She also correctly notes that the notice of hearing she received does not indicate that any modification issue was set for hearing on that day.
“In modification proceedings, as in other civil matters, courts are not authorized to award relief not requested in the pleadings. To grant unrequested relief is an abuse of discretion and reversible error.” Abbott v. Abbott, 98 So.3d 616, 617-18 (Fla. 2d DCA 2012) (citations omit *1191 ted) (internal quotation marks omitted). Additionally, a court should not grant such relief absent proper notice to the parties. Sinton v. Sinton, 749 So.2d 532, 533 (Fla. 2d DCA 1999). Although we are without the benefit of a transcript of the hearing, it is clear from the record that the modified visitation times are not part of the relief requested in the Former Husband’s motions for clarification and contempt. And the Former Husband’s modification petition that was not noticed for the hearing also fails to seek the specific timesharing modifications that were entered by the trial court in the order on appeal.
Because it is clear from the face of the record that the trial court abused its discretion by granting relief that was not requested, we reverse that portion of the order modifying the timesharing arrangement and remand for further proceedings consistent with this opinion.[1] We recognize that in addition to the substantive arguments the parties may raise before the trial court on remand, both parties had other motions related to contempt, requests for modification, relocation, paternity, and mediation pending in the trial court at the time of this appeal. The status of those proceedings is impossible to ascertain from the limited record before this court, and we leave any determinations regarding their impact on the scope of the proceedings on remand to the trial court.
Affirmed in part, reversed in part, and remanded.
KHOUZAM and SLEET, JJ„ Concur.

. We affirm the remaining portions of the order, including the portion relating to the holiday visitation schedule, without further comment. That portion of the order is a part of the relief requested in the motion for clarification that was noticed for hearing. Additionally, the 2011-12 holiday season has passed, and no future holiday times are addressed in the order, mooting any related arguments on appeal.