LAMBERT, J.
Ruth Tluzek (“Former Wife”) appeals the trial court’s final judgment of dissolution of marriage. Former Wife argues that the trial court made the following three reversible errors: (1) ordering that *456 the monthly adoption subsidy received by the parties from the State of Florida for their children be offset against Kenneth Tluzek’s (“Former. Husband”) child, support obligation; (2) improperly valuing the marital home; and (3) awarding Former Husband exclusive use and possession of the marital home. We affirm as to issues two and three without further discussion. However, we Reverse and- remand on- -the first issue for the reasons explained below.
The parties have two adopted, special-needs minor • children for which they receive a $590 per month subsidy from the State of Florida pursuant to section 409.166, Florida Statutes (2014). Following the trial, the court, in its final judgment, found that it ¡was in the best interests of the children for the parties ‘to have shared parental responsibility and ordered that the parties share the parental responsibility, of the minor children with equal amounts of time-sharing. Pursuant to the child support guidelines codified at section 61.30, Florida Statutes (2014), the court used the parties’ respective incomes and the percentage amount of time-sharing awarded to calculate Former Husband’s child support obligation for the minor children to be $160.44 per month.[1] The court additionally ordered that the $590 monthly adoption subsidy be paid directly to Former Wife, but that this sum would be “credited toward any support owed by the [Former] Husband to the [Former] Wife, resultant [sic] in a net support amount due to her of- — $429.56.” Thus, the court ordered Former . Wife to remit $429.56 to Former Husband each month from the subsidy.
Former Wife timely filed a motion for rehearing, arguing that the trial court erred regarding the disposition of the adoption subsidy. The court entered its order on rehearing[2] specifically amending the final judgment to provide that the parties equally share the adoption subsidy, but further providing that “no child support is owed from either party,” effectively terminating Former Husband’s $160.44 per month child support obligation. We find that while the court has now correctly allocated the adoption subsidy, it erred in eliminating Former Husband’s child support obligation.
The issue we address is whether an adoption subsidy paid by the State of Florida to the parents of special-needs children may be considered as a credit against a spouse’s child support obligation. We hold that it may not. To hold otherwise would be inconsistent with the following expressed intent of the'Florida Legislature in enacting its adoption .assistance program:
(1) Legislative intent. — It is the intent of the Legislature to protect and promote each child’s right to the security and stability of a permanent family home; The Legislature intends to make adoption assistance, including financial aid, available to prospective adoptive parents to enable them to adopt a child in the state’s foster care system who, because of his or her needs, has proven difficult to place in an adoptive home,
§ 409.166(1), Fla. Stat. (2014).
The clear purpose of the adoption subsidy statute is to encourage individuals to adopt special-needs children by assisting parents in providing the extra care a special-needs child requires, Other states with similar adoption subsidy stat *457 utes have recognized this, purpose. See, e.g., Hamblen v. Hamblen, 203 Ariz. 342, 54 P.3d 371, 375 (Ariz.Ct.App.2002); A.E. v. 179 Misc.2d 663, 686 N.Y.S.2d 613, 615-16 (1999). Here, the trial court has essentially negated the legislatively intended supplemental benefit of the subsidy by terminating Former Husband’s unchallenged $160.44 per month child support obligation and leaving the children financially 'shortchanged while with Former Wife. See In re Marriage of Bolding-Roberts, 113 P.3d 1265, 1268 (Colo.App.2005) (“Had the parties not separated, the child would have enjoyed the benefit of both parents’ incomes, as well as the subsidy.”). As a result of the amended final judgment, the minor children do not have the benefit of their father’s income, as his child support obligation is being completely subsidized by the State of Florida. We conclude ..that this is inconsistent with, the supplementary purpose .of the subsidy because it removes the benefit intended for the special-needs children and reduces the resources intended to meet the children’s needs. See Nabinger v. Nabinger, 82 So.3d 1075, 1077 (Fla. 1st DCA 2011).[3] The parents’ child support obligation should be determined first. Then, the adoption subsidy should be apportioned between the parents, consistent with their proportionate amount of time-sharing and not credited or offset against the child support award. See Hamblen, 54 P.3d at 375-76 (affirming distribution to husband of 16.1% of adoption subsidy consistent with his 16.1% visitation). This allows maximization of the benefit of the subsidy for the special-needs children who, after all, are the individuals who should so benefit.
For the foregoing reasons, we affirm the now equal distribution of the adoption subsidy between the parties, consistent with the parties’ equal time-sharing of the children, reverse the trial court’s termination of the previously ordered child support, and remand with directions that the court reinstate Former Husband’s $160.44 monthly child support obligation- retroactive to January 1, 2015, The court' shall also determine the child support arrearag-es that have accrued and fashion an equitable remedy as to the accrued arrearages. In all other respects, the. final judgment is affirmed.
AFFIRMED in parti REVERSED, in part; and REMANDED for further proceedings..
SAWAYA and ORFINGER, JJ., concur.

. Neither party has challenged shared parental responsibility, time-sharing, or the child support amount on appeal.

. This court relinquished jurisdiction for entry of this orderi See Fla. R. App. P. 9.020(i)(3),

. Cf. § 61,30(11)(a)(6), Fla. Stat. (2014) (allowing the court to deviate above the minimum child support award based on special needs, such as costs that: may be associated with the disability of a child).