NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALAN J. RIEDER,                  )
                               )
        Appellant,         )
                               )
v.                            )     Case No. 2D14-415
                               )
CYNTHIA F. RIEDER,      )
                               )
        Appellee.         )
                               )

Opinion filed August 17, 2016.

Appeal from the Circuit Court for Polk
County; Neil A. Roddenbery, Judge.

Debra J. Sutton of Sutton Law Firm,
Bartow, for Appellant.

Cynthia F. Rieder, pro se.


SALARIO, Judge.

        Alan Rieder, the former husband, appeals from the circuit court's order

denying his supplemental petition for modification of alimony and granting the motion

filed by his former wife, Cynthia Rieder, for contempt and enforcement of the original

judgment of dissolution of marriage and associated marital settlement agreement.

Finding no reversible error in the denial of the former husband's petition for modification,

we affirm that portion of the order without further comment.  We also affirm, with two

exceptions, that portion of the order that grants the former wife's motion for contempt and enforcement and orders various measures to enforce the former husband's obligations under the judgment and marital settlement agreement.

The two exceptions as to which we reverse relate to provisions of the order that expressly or in substantive effect enjoin the former husband to take or refrain from taking certain actions with respect to his nonmarital property. Paragraph six of the order threatens the former husband with incarceration if he does not sell a home he maintains in Georgia and use the resulting proceeds to satisfy an alimony arrearage. Paragraph nine enjoins him from transferring any of the property listed on his financial affidavit except for purposes of satisfying the alimony arrearage.

Neither of these injunctive remedies was requested by the former wife's motion for contempt or enforcement. These matters were not otherwise presented to the circuit court for resolution, and the former husband was not otherwise given notice that these matters were to be litigated. The injunction to sell the Georgia home made its first appearance in the case in the circuit court's oral ruling on the motion for contempt and enforcement, and the injunction concerning the property listed on the financial affidavit made its first appearance in the written order on appeal.

Although we recognize that trial courts have the authority to enforce alimony payments with injunctions, see, e.g., § 61.11(1), Fla. Stat. (2015), the injunctive relief provided by paragraphs six and nine of the order on appeal was never presented to the circuit court for decision. Furthermore, the evidentiary record established at the hearing was not sufficient to support these injunctions—possibly because they were not issues to be litigated—and the order on appeal contains no statement of the reasons why these injunctions were entered. Accordingly, we reverse

the order as to the unrequested and unsupported injunctive relief ordered by paragraphs six and nine.  See Fla. R. Civ. P. 1.610(c) ("Every injunction shall specify the reasons for entry . . . ."); Fla. Fam. L. R. P. 12.610(a) (indicating that rule 1.610 governs most family law injunctions unless otherwise specified); see also Hunter v. Hunter, 36 So. 3d 148, 150 (Fla. 2d DCA 2010) (explaining that injunctions that do not comply with rule 1.610 in dissolution proceedings require reversal); Guida v. Guida, 870 So. 2d 222, 225 (Fla. 2d DCA 2004) (reversing injunctive provisions of a dissolution judgment because "a permanent injunction cannot be properly granted . . . without formality of pleading, or presentation of proof, in the absence of waiver" (quoting Scarbrough v. Meeks, 582 So. 2d 95 (Fla. 1st DCA 1991))).

Affirmed in part; reversed in part.

NORTHCUTT, J., and CASE, JAMES R., ASSOCIATE SENIOR JUDGE, Concur.