NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


BRITTA SWANSON GEAR,                    )
                                        )
    Appellant,                          )
                                        )
v.                                      )     Case No. 2D16-1653
                                        )
BRIAN LEIGH GEAR,                       )
                                        )
    Appellee.                           )
_____  )

Opinion filed November 18, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County; G.
Keith Cary, Judge.

Britta Swanson Gear, pro se.

John D. Mills of Law Office of John D.
Mills, P.A., Fort Myers, for Appellee.



BLACK, Judge.

        In this postdissolution proceeding, Britta Gear (the former wife) challenges

the trial court's order requiring her to remain 100 feet away from her minor children at all

extracurricular activities and sporting events.  The order was issued following a hearing

on multiple motions: the former wife's motion to compel; the former wife's motion for

temporary relief; the former wife's motion to appoint a successor therapeutic counselor; and Brian Gear's (the former husband's) motion for order requiring the former wife to stop calling his attorney's office. The former wife contends that the injunction must be reversed because the trial court entered the order sua sponte and without affording her due process. We agree and reverse.

The former wife contends, and the motions in the appendices before this court support, that none of the motions heard on the day the court entered the injunction requested injunctive relief. The former husband argues only that the court properly entered the injunction based on the language in the prayer for relief of the former wife's motion to appoint a successor therapeutic counselor: "[w]herefore, former wife, Britta Gear, moves this court to enter an order appointing a successor therapeutic counselor, and for such further relief as the court deems equitable and appropriate under the circumstances." (Emphasis added.) The former husband makes no argument that the former wife was on notice that entry of an injunction would be considered at the hearing; nor does he dispute her arguments that she had no opportunity to present argument on the issue.

Although we do not have a transcript of the hearing, the former husband's argument is unpersuasive and the error is otherwise clear on the face of the record. See Worthington v. Worthington, 123 So. 3d 1189, 1191 (Fla. 2d DCA 2013) ("Although we are without the benefit of a transcript of the hearing, it is clear from the record that the modified visitation times are not part of the relief requested in the Former Husband's motions . . . . Because it is clear from the face of the record that the trial court abused its discretion by granting relief that was not requested, we reverse . . . ."). "To grant

unrequested relief is an abuse of discretion and reversible error." Id. at 1190-91 (quoting Abbott v. Abbott, 98 So. 3d 616, 617-18 (Fla. 2d DCA 2012)). And "a court should not grant such relief absent proper notice to the parties." Id. at 1191.

The generic, boilerplate language in the prayer for relief in the former wife's motion does not provide the necessary request for relief or cure the lack of notice. See Wells Fargo Bank, N.A. v. Giesel, 155 So. 3d 411, 412-13 (Fla. 1st DCA 2014) ("[T]he generic request for 'further relief that is appropriate' in the 'wherefore clause' in the bank's motion did not give the trial court authority to dismiss this action without at least affording the bank notice and an opportunity to be heard on the issue."); BAC Home Loans Servicing, Inc. v. Headley, 130 So. 3d 703, 706 (Fla. 3d DCA 2013) (concluding that requests for "such other relief as the court deems just and proper under the circumstances" in the "wherefore" clauses of counterclaims were insufficient to afford meaningful notice of issue not specifically pleaded); see also Gonzalez v. Walker, 190 So. 3d 698, 698 (Fla. 4th DCA 2016) (reversing in part where "the pleadings did not place appellant on adequate notice that this relief was being sought"); McGilton v. Millman, 868 So. 2d 1259, 1262 (Fla. 4th DCA 2004) (reversing based on violation of due process where nothing in the notice of hearing or the wherefore clause of the objection placed the issue before the court).

Further, "[a]ccording to Florida Family Law Rule of Procedure 12.610(a), injunctive relief in family law cases not related to the need for protection against domestic violence, repeat violence, dating violence, or sexual violence is governed by Florida Rule of Civil Procedure 1.610." Hunter v. Hunter, 36 So. 3d 148, 150 (Fla. 2d

- 3 -

DCA 2010). Rule 1.610(a)(1) authorizes the entry of a temporary injunction without notice to the adverse party only if:

> (A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required.

The requirements set forth in the rule were not met in this case. Additionally, the order fails to comply with rule 1.610(c) that "[e]very injunction shall specify the reasons for entry." See also Rieder v. Rieder, 197 So. 3d 1258, 1259 (Fla. 2d DCA 2016) (reversing that portion of the order under review which granted injunctive relief which was not before the trial court and where the injunction was otherwise procedurally unsupported).

The order enjoining the former wife from being within 100 feet of her minor children at all extracurricular activities and sporting events was entered without notice, in violation of the former wife's due process rights. Accordingly, we reverse the order of injunction.

SILBERMAN and KELLY, JJ., Concur.