# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2058
_____

CHRISTOPHER BLAKE RUSSELL,

    Appellant,

    v.

LAURA P. RUSSELL,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
Michael A. Flowers, Judge.

April 5, 2018

PER CURIAM.

Several years after the court entered a final judgment of dissolution, Laura Russell petitioned for modifications. She sought to alter the custody, decision-making authority, and child-support arrangements the original judgment provided. After several evidentiary hearings, the lower court granted the petition. Christopher Russell, the former husband, now appeals.

Mr. Russell's main argument is that the lower court erred in granting the modification because there was no substantial change in circumstances and there was insufficient evidence to find that modification was in the child's best interest. *See* § 61.13(3), Fla. Stat. (2016) ("A determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated

change in circumstances and a determination that the modification is in the best interests of the child."). However, having reviewed the record and the testimony presented over the course of multiple hearings, we find that the lower court did not err in determining modification was warranted. *See Fabre v. Levine*, 618 So. 2d 317, 318 (Fla. 1st DCA 1993) ("As to the question of substantial change in circumstances and the child's best interests, this court is not at liberty to disturb the trial court's ruling on these issues in the absence of a showing of legal error or an abuse of discretion, which requires a lack of competent, substantial evidence to sustain the trial court's findings."), *disapproved on other grounds by Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997).

Mr. Russell separately argues, though, that the court erred by granting Ms. Russell unpled relief and increasing Mr. Russell's child support obligation without making sufficient findings. We agree with him on these points.

In her petition for modification, Ms. Russell sought to remove Mr. Russell's ultimate decision-making authority over the child's extracurricular activities. The parties had previously agreed that Ms. Russell would have decision-making authority concerning the child's health and academic needs, while Mr. Russell would have authority regarding the child's extracurricular activities and daycare needs. In the order on appeal, the lower court awarded Ms. Russell the final authority on extracurricular activities she requested. But it also awarded Ms. Russell authority over daycare decisions. Because Ms. Russell never requested such a modification, and because the issue was not tried by consent, the court abused its discretion and committed reversible error. *See Nabinger v. Nabinger*, 82 So. 3d 1075, 1076 (Fla. 1st DCA 2011) ("In modification proceedings, as in other civil matters, courts are not authorized to award relief not requested in the pleadings."); *Abbott v. Abbott*, 98 So. 3d 616, 617-18 (Fla. 2d DCA 2012) (noting that to grant unrequested relief is an abuse of discretion and reversible error).

Regarding child support, the court increased Mr. Russell's obligation after finding a need for modification and an ability to pay. However, the court made no findings regarding the parties' incomes. We therefore must reverse. *See Whittingham v.*

*Whittingham*, 67 So. 3d 239, 239 (Fla. 2d DCA 2010) ("[W]hen determining child support a trial court is required to make findings of fact regarding the incomes of the parties because such findings are required in order to determine whether the support award departs from the [child support] guidelines."); *Aguirre v. Aguirre*, 985 So. 2d 1203, 1207 (Fla. 4th DCA 2008) ("A final judgment is facially erroneous, requiring remand, where it does not make any findings as to the net income of each party as a starting point for calculating child support or explain how the calculation was performed.").

Accordingly, we reverse the portion of the final judgment awarding Ms. Russell unpled relief and increasing Mr. Russell's child support obligation. We affirm in all other respects. On remand, the trial court should recalculate the child support award and make the necessary findings.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

JAY, WINSOR, and M.K. THOMAS, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Dorothy F. Easley of Easley Appellate Practice PLLC, Miami, for Appellant.

Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellee.

3