IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STEPHAN CRAIG BUTLER AND
CAROLE MARIE BUTLER,

       Appellants,

  v.

                                 Case No.    5D21-1494
                                 LT Case No. 2019-CA-037290

CLARK F. BROWN, JR. AND
SHAUNA KAREN BROWN,

       Appellees.
_____/

Opinion filed April 8, 2022

Appeal from the Circuit Court
for Brevard County,
David Dugan, Judge.

Elizabeth Siano Harris, of Harris
Appellate Law Office, Mims, for
Appellants.

James Ippoliti and Scott Widerman, of
Widerman Malek, P.L., Melbourne, for
Appellees.

NARDELLA, J.

      Stephan and Carole Butler (collectively, the "Butlers") appeal the

trial court's final judgment enjoining their use of rope lights along their

dock. The Butlers raise two issues on appeal, but we find merit in only one, namely that the trial court erred by ordering the final judgment against the Butlers to "run with the land."

## BACKGROUND

This is a dispute between neighbors about rope lights the Butlers installed along the northern and eastern sides of their two-hundred-foot dock in the Indian River. The Butlers' neighbors, Clark and Shauna Brown (collectively, the "Browns") filed a complaint against the Butlers claiming that the rope lights running the length of the Butlers' dock constituted a private nuisance because the lights disturbed the Browns' ability to use and enjoy their property. Important here, the Browns asserted a claim for injunctive relief, requesting the trial court "enter an injunction against the Butlers enjoining [them] from lighting their Dock brightly throughout the night and having the light reflect upon the water and onto the Browns' Property and into Browns' home."

After a two-day bench trial, the trial court concluded that the "lights on the side of the dock facing the [Browns] constitute a private nuisance to the Browns' Property and to the Browns." As a result, the trial court granted the Browns injunctive relief by ordering the Butlers to do one of the following within thirty days of the final judgment: 1) "permanently and

2

completely remove the rope lights from the north and east portions of their dock," or 2) "permanently replace or modify the dock lights with lighting that shall be so placed, shielded, covered or guarded such that no direct or reflected light rays or beams are projected or radiated onto or upon, or are visible from, any part of the Brown's property lying landward and upland of mean high water mark on the shoreline to which the dock is attached." The trial court further ordered that the final judgment "run with the land, i.e., the Butler Property[.]"

## ANALYSIS

The Butlers contend that the trial court violated their right to procedural due process by ordering the final judgment to "run with the land" because no such relief was requested in the complaint, noticed for a hearing, or argued by the parties.[1] This Court reviews a claim that one has been deprived procedural due process de novo. *Jenkins v. M.F.*, 280 So. 3d 507, 510 (Fla. 5th DCA 2019).

"[C]ourts are not authorized to award relief not requested in the pleadings . . . [t]o grant unrequested relief is an abuse of discretion . . . and reversible error." *Abbott v. Abbott*, 98 So. 3d 616, 617–18 (Fla. 2d

---

[1] We do not reach in this opinion whether, if properly pled, such in rem relief could have been granted.

3

DCA 2012) (internal citations omitted). "Additionally, a court should not grant such relief absent proper notice to the parties." *Worthington v. Worthington*, 123 So. 3d 1189, 1191 (Fla. 2d DCA 2013) (citing *Sinton v. Sinton*, 749 So. 2d 532, 533 (Fla. 2d DCA 1999)). "Granting unrequested relief absent proper notice is a violation of due process." *Stover v. Stover*, 287 So. 3d 1277, 1279 (Fla. 2d DCA 2020) (citing *Buschor v. Buschor*, 252 So. 3d 833, 834–35 (Fla. 5th DCA 2018) (concluding that the trial court violated former wife's due process rights when it awarded unrequested relief without proper notice)).

We agree with the Butlers that the trial court's ruling that the final judgment "run with the land" violated their right to procedural due process. The Browns' complaint did not contain a request that the injunction be against the Butlers' property or run with the land. Instead, the Browns requested that the trial court "enter an injunction against the Butlers enjoining them from lighting their Dock brightly throughout the night and having the light reflect upon the water and onto the Browns' Property and into Browns' home." In short, the Browns sought only to enjoin the Butlers' activity.

Since the Browns did not request to enjoin the land, the Butlers were deprived of the ability to challenge the propriety of such relief and,

4

thus, the trial court's entry of that relief violated their right to procedural due process.  In light of the foregoing, we reverse in part with instructions that the trial court enter an amended final judgment that does not run with the land.

AFFIRMED in part; REVERSED in part, with instructions.

WALLIS and TRAVER JJ., concur.