# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-1896
_____

NATALIE MITCHELL,

    Appellant,

    v.

SEBASTIAN AHMED,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Joshua M. Hawkes, Judge.

December 13, 2023


PER CURIAM.

In this appeal, the mother, Natalie Mitchell, seeks review of an amended final judgment in which the lower court modified the parenting plan for the minor child she shares with the father, Sebastian Ahmed. She argues the trial court exceeded its jurisdiction in granting relief to the father without a proper pleading and the changes the court made to the father's timesharing are not in the child's best interests. We agree.

*Facts*

The mother and the father, who were never married, share a minor child born in 2010. In 2012, the circuit court entered a final judgment of paternity that included a parenting plan (the 2012

plan). The 2012 plan provided for shared parental responsibility and a 70/30 timesharing schedule wherein the child primarily resided with the mother. When the child was with the other parent, the parties were directed to make the child available for phone contact with the other parent "each week on Sunday, Monday and Thursday nights at 6:30 pm." The 2012 plan required the father to pay child support and provide health insurance for the child.

The parties lived under the 2012 plan until 2019 when the father was arrested for health care fraud. The circuit court awarded the mother sole custody and sole parental responsibility in an emergency order. After the father bonded out jail to pretrial house arrest, the parties stipulated to reinstate the father's timesharing under the 2012 plan subject to certain exceptions. In March 2020, the father was convicted and sentenced to seventeen and a half years in federal prison.[1]

*The Pleadings*

Because this case concerns the trial court's jurisdiction, it is important to clarify the relief the parties requested before the final hearing.

In a supplemental petition for modification filed immediately after the father's 2019 arrest, the mother sought, among other things, to suspend or restrict the father's timesharing until the child's best interests could be assessed and determined.

Several weeks after his conviction, the father filed a motion to enforce the phone call schedule in the 2012 plan. His motion alleged the mother was deliberately interfering with his access to the child. The mother denied the allegations.

In April 2022, the father filed a supplemental petition for modification that only sought relief related to child support. His

---

[1] In 2023, the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence. *See United States v. Ahmed*, 73 F.4th 1363 (11th Cir. 2023).

supplemental petition did not seek any relief related to timesharing or communication with the child.

*Final Hearing and Amended Final Judgment*

The lower court held a hearing on the supplemental petitions and motion for enforcement. The mother, the child's counselor, and the child testified consistently that the child did not want to visit the father in prison and forced visitation would be emotionally difficult for him. The mother wanted sole parental responsibility, but did not want to terminate the father's parental rights. She did not believe the child should be ordered to visit the father in prison, but she was willing to facilitate phone contact. She testified the father's incarceration made it difficult for them to adhere to the 2012 plan's phone call schedule because the father was not always available.

For the first time at the hearing, the father asked the court: (1) to order a ten- to fifteen-minute phone call "a few times a week," ideally Monday, Wednesday, and Friday between 6:30 and 8:30 pm; and (2) to order the child to visit him in prison at least four times a year.

The lower court entered a final judgment of modification that included a new parenting plan. The mother moved for rehearing, arguing the court exceeded its jurisdiction by modifying the 2012 plan without a proper pleading from the father. She further argued many of the court's findings were unsupported and not in the best interests of the child.

The court entered an amended final judgment that largely rejected the mother's arguments, essentially stating that it could unilaterally craft a parenting plan that it deemed to be in the best interests of the child. The amended final judgment included an amended parenting plan (the amended plan) that required the child to visit the father in prison four times a year. The prison visits had to last a least three hours or the maximum amount of time allowed by the prison, in order to count as a required visit. The amended plan required the mother to make the child available for the father's phone calls on Monday, Wednesday, and Friday between 6:30 and 9:30 pm. This appeal follows.

*Standard of Review*

We review a lower court's order modifying a parenting plan and timesharing schedule for an abuse of discretion. *Patel v. Patel*, 324 So. 3d 1001, 1003 (Fla. 1st DCA 2021); *see also Bryan v. Wheels*, 295 So. 3d 889, 890 (Fla. 1st DCA 2020) (noting modification proceedings are distinct from initial custody determinations and "courts have considerably less discretion in considering them 'because [they] disrupt children's lives'") (citations omitted). The lower court's decision must be supported by competent, substantial evidence. *Id.*

*Analysis*

The first issue on appeal is the scope of the lower court's subject matter jurisdiction. A parenting plan may be modified if a movant shows a substantial and material change in circumstances. § 61.13(3), Fla. Stat. The parties agreed the father's incarceration is a substantial change in circumstances.

A request to modify cannot be made by motion and must be initiated by supplemental petition. *Patel*, 324 So. 3d at 1003 ("[A] party seeking to change the 'status quo' of a dissolution final judgment must do so by a supplemental petition with proper service of process, and that the failure to do so is reversible error.") (citing *Clark v. Clark*, 204 So. 3d 589, 591 (Fla. 1st DCA 2016)); *see also* Fam. L. R. P. 12.110(h) (requiring modification proceedings to be initiated via supplemental petition, not by motion). The mother's supplemental petition invoked the trial court's jurisdiction to modify timesharing. Her petition asked the court to suspend or restrict the father's timesharing pending a determination of the child's best interests.

While the lower court had jurisdiction to consider timesharing under the mother's petition, the court erred in concluding it could unilaterally craft a new parenting plan of its own accord. The father's supplemental petition did not plead for any relief related

4

to timesharing or communication with the child.[2] It is an abuse of discretion and reversible error for a court to award relief that is not requested in the pleadings. *See Worthington v. Worthington*, 123 So. 3d 1189, 1190 (Fla. 2d DCA 2013); *Abbott v. Abbott*, 98 So. 3d 616 (Fla. 2d DCA 2012); *Patel*, 324 So. 3d at 1003. The father did not file a proper pleading requesting prison visitation or modification to the phone call schedule. The first time he made the request was at the final hearing. In granting the father's request, the court violated the mother's due process right to be heard and defend against such a significant change. *See Schot v. Schot*, 273 So. 3d 48, 51 (Fla. 4th DCA 2019) (reversing modifications to parenting plan was a violation of due process when they were not pled or proven). We reverse the portions of the amended plan modifying timesharing and communication with the child. We affirm the remaining portions of the amended plan as they were either requested by the parties – sole parental responsibility by the mother and abatement of child support by the father – or were not modified.

Because we are reversing the timesharing and communication portions of the amended plan, it is unnecessary to examine the lower court's best interests findings under section 61.13(3), Florida Statutes, in detail. The trial court was presented with a fairly unworkable scenario. The child no longer wants a relationship with the father, and a continued relationship has the potential to negatively impact him. The mother wants to do the best for the child and follow his lead. And the father still has a right to see his child, which the court must respect. § 61.13(2)(c)1., Fla. Stat. Many of the findings the mother takes issue with as unsupported involve credibility findings and weighing the interests of everyone involved.

Ultimately, the court was presented with a substantial change warranting modification. But because the court's modifications to timesharing and communication favoring the father were not properly pled or proven, we reverse the aforementioned portions of

---

[2] Nor does the father contest the mother's arguments on appeal.

the amended plan and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

OSTERHAUS, C.J., and LEWIS and ROBERTS, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Jason B. Gonzalez, Taylor H. Greene, and Amber Stoner Nunnally of Lawson, Huck, Gonzalez, PLLC, Tallahassee, for Appellant.

Sebastian Ahmed, pro se, Appellee.