DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CADE STEVEN ROBY,

Appellant,

v.

JOELLA LYN ROBY,

Appellee.

No. 2D2024-2223

_____

March 27, 2026

Appeal from the Circuit Court for Pasco County; Dustin Anderson,
Judge.

Dineen Pashoukos Wasylik of DPW Legal, Tampa, for Appellant.

Elizabeth D. Burchell of Busciglio Sheridan Schoeb, P.A., Tampa, for
Appellee.

BLACK, Judge.

　　　Cade Steven Roby, the former husband, seeks review of the Final
Judgment on the Supplemental Petition and Counter-Supplemental
Petition and Order on Former Wife's Amended Motion for Contempt and
Enforcement.  For the reasons explained below, we reverse in part and
affirm in part.

Prior to the entry of the final judgment of dissolution, the former husband and Joella Lyn Roby, the former wife, executed a marital settlement agreement (MSA) and an agreed parenting plan setting out equal timesharing. The MSA included as a contingent asset the "existing Florida Adoption Subsidy estimated to be 2500/mo x ~13 years" which "shall be paid to [the former wife,] to pay and exceed the cost of the identified child support indicated in form 902e for the entirety of the payments." Based on equal timesharing, the MSA also provided that the former husband would pay $1,348.29 in monthly child support for the parties' three children, two of whom receive adoption subsidies, and that the "estimated 2500/mo adoption subsity [sic] exceeds the 1348.29/mo indicated payment. When subsity [sic] is finalized, [the former husband] will will [sic] be liable for any shortage, but will not be [sic] benefit for any excess."

The final judgment of dissolution was rendered March 11, 2022. In that judgment, the court adopted the report and recommendation of the general magistrate, as well as the parties' MSA and parenting plan. The report and recommendation noted that the child support payable by the former husband was a deviation from the guidelines based upon the $2,500 per month adoption subsidy to be received by the former wife. The report and recommendation cited *Tluzek v. Tluzek*, 179 So. 3d 455 (Fla. 5th DCA 2015), for the proposition that an adoption subsidy may not be considered a credit against child support. The final judgment of dissolution also included that the trial court maintains jurisdiction to modify that portion of the agreement and any other issues while the children are under the age of eighteen.

As relevant to this appeal, one year later, in March 2023, the former husband filed a supplemental petition for modification of

2

timesharing and related relief.  In that petition, the former husband asserted that the former wife "unilaterally ceased exercising her timesharing with the youngest minor child B.W.R., thereby forcing [the former husband] to maintain all responsibility for the minor child."  The former wife's decision was based on her inability to handle the child.  The former husband further asserted that the parties' incomes had changed, warranting a recalculation of child support pursuant to section 61.30, Florida Statutes (2022).  The former husband also sought retroactive child support modification based on the date the former wife ceased exercising timesharing with the youngest child.

Also in March 2023, the former husband learned that the former wife had received a lump sum adoption subsidy payment of $24,837.37 in October 2022.  This was a retroactive payment for the enhanced subsidy for the parties' child with special needs.  The adoption subsidy was otherwise $2,831.21 per month, an increase from what the parties believed it would be.  The former wife received the monthly subsidy.

In October 2023 the former husband filed a motion for temporary and other relief, wherein he alleged that he had been exercising majority timesharing with the children and sought recalculation of child support based on both the timesharing actually occurring and the parties' change in income.  The former husband also recited that the former wife was receiving the adoption subsidy and that caselaw required the subsidy to follow timesharing percentages: "The parents' child support obligation should be determined first.  Then, the adoption subsidy should be apportioned between the parents, consistent with their proportionate amount of time-sharing and not credited or offset against the child support award."  *Tluzek*, 179 So. 3d at 457.

One month later, the former husband filed an amended supplemental petition for modification of timesharing and related relief. He again requested child support recalculation and reallocation of the subsidy.

A hearing on the amended supplemental petition was held in June 2024. The Final Judgment on the Supplemental Petition and Counter-Supplemental Petition and Order on Former Wife's Amended Motion for Contempt and Enforcement (supplemental final judgment) was rendered July 29, 2024. Only that part of the supplemental final judgment addressing the petition for modification of timesharing and related relief is at issue. Pertinent to the challenges raised by the former husband, the supplemental final judgment includes the finding that the former husband exercised "almost 100% timesharing" with the youngest child upon agreement of the parties. The supplemental final judgment also provides that the former husband is responsible for prospective child support in the amount of $887.87 per month. As to retroactive child support, the supplemental final judgment includes that from the entry of the final judgment of dissolution in March 2022 through December 2022 the former husband paid the former wife $300 per month in child support, which was the difference between what he was required to pay ($1,348.29) and the adoption subsidy the former wife was receiving at the time. From December 2023 forward, the former husband has paid $1,348.29 per month in child support plus an arrearage amount.

The supplemental final judgment includes the court's finding that the child support guidelines worksheet prepared by the court accurately reflects that for a ten-month period beginning in December 2022, the former husband had almost 100% timesharing of the youngest special-

4

needs child. In total, the former husband owed $4,132.67 in retroactive support payments.

The supplemental final judgment also includes that the former husband was requesting reallocation of the adoption subsidy based upon the ordered timesharing, relying on *Tluzek*. Because the law requires the adoption subsidy to be allocated according to timesharing, the supplemental final judgment directs that upon its entry and for every payment thereafter the former wife is to convey one-half of every adoption subsidy payment to the former husband.

In the supplemental final judgment, the court acknowledges that the former husband was seeking reallocation of subsidy payments received during the pendency of the litigation but determines that because the former husband did not file a motion for relief from judgment pursuant to Florida Family Law Rule of Procedure 12.540, it would be "inequitable to impose a retroactive support obligation on the former husband or to require the former wife to pay one half of the adoption subsidy she has received thus far." The findings in the supplemental final judgment include that the former wife received $85,017.91 in adoption subsidy payments, which would have resulted in $42,508.95 to each party had the subsidy followed the timesharing set out in the final judgment of dissolution. The court's findings also include that the former husband has paid $18,878.64 in child support. Based on the timesharing that occurred and as explained in detail in the supplemental final judgment, the former husband's *actual* retroactive child support obligation is $4,132.67.

The trial court did not explain why it would be inequitable for the former wife to repay $38,376.28 to the former husband. This is the difference between one half of the subsidy payments received by the

5

former wife and the retroactive child support due from the former husband.  Nor did the trial court explain why it would be inequitable for the former wife to repay $23,635.47 to the former husband, reflecting the difference between one half of the subsidy payments received by the former wife and the child support due from the former husband had timesharing been equal.  Notably, neither of these calculations take into account the actual timesharing of the youngest special-needs child as it affects the division of the subsidy payments received by the former wife.

On appeal, the former husband contends that the trial court reversibly erred in failing to order retroactive modification of the adoption subsidy paid to the former wife based on the actual timesharing for the period for which the subsidy covered.[1]  The former husband contends that "the trial court correctly reallocated the adoption subsidy on a prospective basis but erred as a matter of law in failing to reallocate the adoption subsidy retroactively based on actual time sharing" and that he "did not waive the argument by pursuing it via supplemental petition rather than a motion to set aside the judgment."  We agree.

Section 409.166(1), Florida Statutes (2022), provides:

> It is the intent of the Legislature to protect and promote each child's right to the security and stability of a permanent family home.  The Legislature intends to make adoption assistance, including financial aid, available to prospective adoptive parents to enable them to adopt a child in the state's foster care system who, because of his or her needs, has proven difficult to place in an adoptive home.

The statute defines "Adoption assistance" as "financial assistance and services provided to a child and his or her adoptive family," and it "may

---

[1] The former husband filed a motion for rehearing raising this issue.

6

include a maintenance subsidy, medical assistance, Medicaid assistance, and reimbursement of nonrecurring expenses associated with the legal adoption," as well as "a tuition exemption at a postsecondary career program, community college, or state university." § 409.166(2). The statute also directs that the Department of Children and Families "shall adopt rules to administer this section." § 409.166(8). One of those rules addresses maintenance subsidies and provides that "[a] monthly payment may be made for support and maintenance of a special needs child until the child's 18th birthday." Fla. Admin. Code R. 65C-16.012(2) (2022).

There are few cases discussing the adoption subsidy statute at issue in this case. In *Tluzek*, the Fifth District Court of Appeal concluded that it is the "special-needs children who . . . are the individuals who should" benefit from the subsidy. 179 So. 3d at 457. The First District Court of Appeal has similarly determined that the subsidy provides a "benefit intended for the special needs child." *Nabinger v. Nabinger*, 82 So. 3d 1075, 1077 (Fla. 1st DCA 2011). The statutory language supports these conclusions. And decisions of other states with similar subsidies also conclude that the subsidy belongs to the child. *See J.M. v. R.M.*, 52 Misc. 3d 1212(A) (N.Y. Fam. Ct. 2016) (concluding that adoption subsidy was intended for adopted child and that adoptive mother was responsible for retroactive support and arrears payable to adopted child); *Hamblen v. Hamblen*, 54 P.3d 371, 374 (Ariz. Ct. App. 2002) ("[T]he subsidy belongs to the child."); *In re Marriage of Newberry*, 805 N.E.2d 640, 643 (Ill. App. Ct. 2004) (concluding that adoption subsidies are benefits belonging to the children).

The trial court in this case found that the parties had not been exercising equal timesharing of the youngest special-needs child. The

trial court also found that the former wife currently receives $2,865.74 per month in statutory subsidies, that the former wife received a lump sum subsidy payment of $24,837.37, and that the former wife has kept 100% of the subsidy payments despite the final judgment of dissolution setting forth equal timesharing and Florida law requiring the subsidy to follow the timesharing. Relying on *Tluzek*, the trial court also found that the subsidies are for the children, not the parents. Finally, the trial court found that the dissolution final judgment contained a reservation of jurisdiction to modify the timesharing and subsidy arrangements. None of those findings are disputed on appeal.

The former husband's failure to file a rule 12.540 motion is not determinative. The former husband is correct that it is the substance of a motion rather than its title which determines how it is treated. *See Rossi v. Rossi*, 169 So. 3d 1233, 1235 (Fla. 5th DCA 2015) ("Florida courts will consider the motion's substance in determining whether the motion was authorized." (citing *IndyMac Fed. Bank FSB v. Hagan*, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012))). But, perhaps more important in this case, the final judgment on review is internally inconsistent: it both amends the final judgment of dissolution prospectively based on the former husband's arguments and denies retroactive amendment because the former husband did not file a motion pursuant to rule 12.540. The court's prospective amendment is not challenged on appeal as granting relief not requested; yet the former wife contends that the court did not err in denying retrospective relief where it was not properly requested. The trial court effectively treated the petitions filed by the former husband as requesting relief pursuant to rule 12.540 in order to have prospectively amended the terms of the final judgment of dissolution,

8

finding the agreement that the former wife receive the total subsidy to be against public policy.

Further, the court's reliance on the parties' MSA is not a basis upon which it could deny relief. "Bad domestic bargains—meaning unfair or unreasonable property and monetary settlement agreements—are nevertheless enforceable so long as they are knowing, voluntary and *not otherwise against public policy.*" *Williams v. Williams*, 939 So. 2d 1154, 1157 (Fla. 2d DCA 2006) (emphasis added) (quoting *Petracca v. Petracca*, 706 So. 2d 904, 911 (Fla. 4th DCA 1998)). Again, the final judgment on review is inconsistent: it both recognizes the law that the subsidy follows timesharing as the public policy of the state and denies relief, finding that "this arrangement was something that both parties bargained for." *Cf. Griffin v. ARX Holding Corp.*, 208 So. 3d 164, 170 (Fla. 2d DCA 2016) (reiterating that if "enforcement of the contract would violate the law or public policy irrespective of the conditions in which the contract was formed" the contract is "void" (quoting *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 431 (1998))).

If the parties had not divorced, the children would have received the benefit of the parents' incomes plus 100% of the subsidy. *See Nabinger*, 82 So. 3d at 1077 ("The supplemental nature of the subsidy is apparent because '[h]ad the parties not separated, the child would have enjoyed the benefit of both parents' incomes, as well as the subsidy.' " (alteration in original) (quoting *In re Marriage of Bolding-Roberts*, 113 P.3d 1265, 1268 (Colo. App. 2005))). The trial court's refusal to retroactively allocate the adoption subsidy is not equitable.

Accordingly, we reverse the supplemental final judgment insofar as it addresses the adoption subsidy. We remand for the trial court to calculate the total subsidy payments received by the former wife for each

9

child monthly and then to allocate the percentage of each subsidy to the former husband and former wife based on the undisputed timesharing previously found.

Affirmed in part; reversed in part; remanded.

KHOUZAM and ROTHSTEIN-YOUAKIM, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.